## Seymour & Co. v. Butler.

A release is to be construed according to the particular purpose for which it was made, and a particular recital in such an instrument will restrain its general words.

No such effect can be given to the statutes of another state, as that they shall have an extra-territorial operation in furnishing an absolute rule of law for determining, not the validity or construction of a contract sued on, but whether a release made in that state to one partner, shall, or shall not, operate in the state of Iowa, to release and discharge the other.

Where in an action against the defendant, as "one of the late firm of B. & H.," on three promissory notes in the firm name, made in New York, and payable to the plaintiffs at Galena, the defendant pleaded that after the making of the notes, the plaintiffs executed a release as follows: "We, J. F. S. & Co., of the city, county and state of New York, for the consideration of $300 00, received of J. W. H., (the other partner), of Falls Village, Connecticut, do hereby discharge and release said H. from all notes, debts, dues, accounts and demands due to said company and firm of J. F. S. & Co., and do hereby forever release said H. as partner, or joint and several debtor with W. B. (the defendant), to said firm of J. F. S. & Co.. The said H. is hereby individually released from all

claims and demands, and also released and discharged as partner, or joint debtor with said B., meaning hereby only to release and discharge the said H. aforesaid," and averred that the plaintiffs thereby fully released and discharged the said notes, and all moneys unpaid thereon, and thereby fully released the same, so that there remains no claim thereon against the defendant; and where the plaintiffs replied, denying that the said contract made with H. is a release or discharge of defendant, or that the same was intended or understood so to be, and alleging that the same was intended to operate as a release of H. only, and not in any way to affect the claim upon the defendant; that the same was made in the state of New York, and not in the state of Iowa; and that it was made in accordance with an express provision of the revised statutes of the state of New York, authorizing a creditor of a partnership firm dissolved, to release or discharge one or more of the partners from all indebtedness, without such release or discharge having the effect to impair the right of the creditor to proceed at law or equity against the other partners not discharged; to which replication there was a demurrer, which was sustained by the court; *Held,* 1. That the release discharged H. from the notes sued on, but did not release B.; 2. That the demurrer was properly sustained as to so much of the replication as averred that by virtue of the laws of the state of New York, the release only had the effect of discharging H., and not of discharging B., from the indebtedness.

*Appeal from the Dubuque District Court.*

WEDNESDAY, APRIL 13.

THIS suit is brought against William Butler, as " one of the late firm of Butler & Hurlburt," on three promissory notes, made in New York, signed " Butler & Hurlburt," and payable to plaintiffs, in Galena.

The defendant pleaded, that after the making of the notes, the plaintiffs made and executed a release as follows : " We, John F. Seymour & Co., of the city, county, and state of New York, for the consideration of three hundred dollars, received of Joseph W. Hurlburt, of Falls Village, Connecticut, do hereby discharge and release said Hurlburt from all notes, debts, dues, accounts, and demands, due to said company and firm of John F. Seymour & Co., and do hereby forever release said Hurlburt as partner, or joint and

VOL. VIII—39

several debtor with William Butler to said firm of John F. Seymour & Co. The said Hurlburt is hereby individually released from all claims and demands, and also released and discharged as partner, or joint debtor, with said Butler; meaning hereby only to release and discharge the said Hurlburt aforesaid." And thereby fully released and discharged said notes, and all moneys unpaid thereon; and thereby fully released the same, so that there remains no claim thereon against the defendant.

The plaintiffs, for replication to this plea, deny that the supposed contract, made by them with Hurlburt, is a release or discharge of defendant, or that the same was intended or understood so to be; and they allege that the same was intended to operate as a release of Hurlburt, only, and not in any way to affect the claim of the plaintiffs upon the defendant. They further allege that the same was made in the state of New York, and not in the state of Iowa; and that it was made in accordance with an express provision of the Revised Statutes of the state of New York, authorizing a creditor of a partnership firm dissolved, to release and discharge one or more of the partners from all indebtedness, without such release or discharge having the effect to impair the right of the creditor to proceed at law, or in equity, against the other partners not discharged. 2 Rev. Stat., N. Y., 176, Art. 2, secs. 25, 26, 27.

A demurrer to this replication was sustained by the court, and the plaintiff refusing to reply further, judgment was given for the defendant.

*Henry S. Jennings,* for the appellant. [No brief of counsel for the appellant was found upon the files].

*W. T. Barker,* for the appellee, cited *Benjamin* v. *M'Connel,* 4 Gilm., 536; *Scott* v. *Bennett,* 3 Ib., 243; *Stacey* v. *Baker,* 1 Scam., 417; *Sherman* v. *Gossett,* 4 Gilm., 521; 2 Kent Com., (8 ed.) 584, and notes; Story on Conf. of Laws, sec. 4; 2 Pars. on Cont., 94; *Hyde* v. *Goodnow,* 3 Comst.,

266 ; *Com. of Kentucky* v. *Bassford*, 6 Hill, 526 ; *Thompson* v. *Keehum*, 4 Johns., 285, and note ; 2 Burr., 1078 ; 1 Bouv. Inst., 260, and sections 792 to 795.

STOCKTON, J.—It is well settled that if two or more are jointly, or jointly and severally bound, and the obligee releases to one of them, all are discharged. And a release to one partner, is a release to all. 1 Parsons' Contracts, 23, 162. But (says Mr. Parsons), though the word release be used, even under seal, yet if the parties, the instrument being considered as a whole, and in connection with all the circumstances of the case, and the relations of the parties, cannot reasonably be supposed to have intended a release, it will be construed only as an agreement not to charge the person or party to whom the release is given, and will not be permitted to have the effect of a technical release. Ibid, 24, citing *Solley* v. *Forbes*, 2 Bro. & Bingham, 46 ; *M'Alister* v. *Sprague*, 34 Maine, 296.

The case of *Solley* v. *Forbes & Ellerman*, was a case of a release of all claims and demands to Ellerman, one of the partners, with a provision that nothing therein contained should be taken or construed to release Forbes, or to prejudice any claim or demand the plaintiffs might have upon or against Forbes, either separately, or as partner with Ellerman, in respect to any debt due from the partnership firm to the plaintiffs; and that it might be lawful for the plaintiffs to prosecute any suit, either against the partners jointly, or against Ellerman separately, to compel payment of their debt from the firm, either out of the partnership effects, or from the separate estate of Forbes. In a suit against both partners, Ellerman pleaded the release in bar of the action as to himself, to which the plaintiffs replied that the action was prosecuted against both partners to enforce payment of an indebtedness from the partnership to the plaintiffs, either out of the joint effects of the firm, or out of the separate estate of Forbes. A demurrer to this replication was overruled.

The court held that this was not an absolute and unconditional release, and that no doubt could be entertained that it was not intended by the parties to bar the action; that the words of release were connected with, and followed up by, a proviso, by which it is expressly declared that nothing contained in the deed of release should be taken to release, or in any way prejudice or affect any demands of the plaintiffs against Forbes separately, or as a partner with Ellerman; that it would be to release, and in every way affect the demands against Forbes, as partner with Ellerman, to give such an operation to the release as in effect to make it a release to both, by making it a bar to an action, in which, for the recovery of a joint debt, both must be jointly sued; and that the suit, as brought, was expressly and in direct terms, authorized by the deed of release itself. The principle is distinctly recognized, that a release is to be construed according to the particular purpose for which it was made, and that a particular recital in a deed will restrain the general words.

The release, in this instance, construed by the same rules, must be understood to release Hurlburt from the indebtedness sued on, and not to release Butler. It is not drawn with the same formality and precision as the release set forth in the case cited; but we think the intention of the parties is as clearly to be gathered from it. It cannot reasonably be supposed, from the language used, that the plaintiff intended to release both the partners; and it must be construed as only an agreement not to charge Hurlburt with the debt. Its legal operation will be restrained by the express terms used, by which the plaintiffs stipulate that they only agree to release and discharge one of the joint debtors.

The case of *M'Allister* v. *Sprague & Murphy*, was this: The plaintiffs had brought suit against the defendants on an unsettled account; and thereupon they received from Sprague a horse, and gave him a memorandum in the following form: "Received of Jonathan L. Sprague, one red horse, in full for his half of our account against him and E. L. Murphy, * * * to be his discharge in full for debt

and costs, but no discharge for Murphy." The court held that the receipt could not fairly be understood to mean, that the whole debt should be discharged by a present release of Sprague. " Its language does not imply an intention to discharge the whole debt, although the consideration might be adequate to that purpose, and also to release Sprague, without its being under seal. Such effect might have been given to it, if it had been so intended. But it must be construed according to the purpose of the parties; and its meaning appears to be, that the whole debt was not to be extinguished, but only one of the debtors discharged."

To so much of the replication as avers, that by virtue of the laws of the state of New York, where the same was made, the release only had the effect of discharging Hurlburt from the indebtedness sued on, and not of discharging Butler, we think the demurrer was properly sustained. No such effect can be given to the statutes of New York, any more than to the adjudications of her courts, as that they shall have an extra territorial operation, in furnishing an absolute rule of law for determining, in this instance, not the validity or construction of the contract sued on, but whether a release, made in that state to one partner, shall, or shall not, operate in the state of Iowa, to release and discharge the other.

Judgment reversed.