## CORIELLE V. ALLEN *et al.*

1. EXTENSION OF TIME: DISCHARGE OF SURETY. An extension of the credit beyond the time specified in a promissory note, under a contract founded upon a good consideration, between the creditor and the principal, without the consent of the surety, has the effect to discharge such surety; and the surety may in an action at law set up such defense, and show by extrinsic evidence, if it does not appear on the face of the note, that he was in fact merely a surety; re-affirming *Kelley* v. *Gillaspie*, 12 Iowa, 57.

2. SAME: USURY. That the contract for extension of credit was supported by a note for usurious interest as its only consideration, will not avoid the effect of discharging the surety from his liability.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 6.

ACTION on a promissory note, of which the following is a copy :

" $1,000. " *Dubuque, Iowa, Dec.* 7, 1855.
" Six months after date, we or either of us promise to pay

to Charlotte Corielle, or order, one thousand dollars, with interest at the rate of ten per cent. per annum, for value received.

"JEROME ALLEN.
"LINCOLN CLARK."

The remaining facts necessary to an understanding of the questions presented by the record, are stated in the opinion of the court.

*Lincoln Clark* and *Thomas M. Monroe* for the appellant, relied upon *Kelley* v. *Gillaspie,* 12 Iowa, 57; 9 Ala., 952; 9 Wheat., 680; 3 Binn., 520; 3 Wash. C. C. R., 70; 13 Wend., 375; 8 Port., 104; 2 Am. L. C., 279; and the cases there cited.

*H. A. Wiltse* for the appellee, cited *Farrington* v. *Galloway et al.,* 10 Ohio, 543; *Manly* v. *Boycat,* 18 Eng. L. & E., 351; *Myers* v. *Sunderland,* 4 G. Greene, 567; Story Prom. Notes, § 194; *Grout* v. *Ellicott,* 7 Wend., 227; Fell's Law of Guaranty and Suretyship, 211; Edwards on Bills and Prom. Notes, 354.

LOWE, J.—On the 7th day of December, 1855, the defendants executed to the order of the plaintiff a promissory note of $1,000. Judgment by default was rendered against the defendant, Allen. Clark's defense was that he was only surety in the note, of which fact the plaintiff was cognizant; that at the maturity of the note the defendant, Allen, for a valid consideration, without the knowledge or consent of Clark, made an agreement with the plaintiff to extend the time of the payment of said note six months, which he claims had the effect to relieve him from all liability on said note, as surety.

That an enlargement of the credit beyond the time specified in the note, under a contract founded upon a good

consideration between the creditor and the principal, without the consent of the surety, has the effect to discharge such surety, is too firmly settled to require further discussion. And it is equally well settled that the surety may set up such defense at law, and show by extrinsic evidence, if it does not otherwise appear on the face of the note, that he was, in fact, merely surety.

In support of these several affirmations we refer to 2d. vol. American Leading Cases, by Hare & Wallace, p. 271, in the case of *The United States* v. *Samuel and John L. Howell*, together with the notes and authorities there cited. Also 9 Metcalf, 511 ; 3 Binney, 520 ; 6 Ohio, 17 ; 12 Iowa, 57, *Kelley* v. *Gillaspie*.

This last cited case is reäffirmed, and hence if the fifty dollar note was usurious, as alleged, which had been given by Allen to plaintiff, as the consideration for extending the day of payment, it will not, on that account, avoid the effect of discharging Clark from his suretyship, for the reasons therein assigned.

The question whether Clark was, in fact, only surety on the note, and that the fact was known to the plaintiff before such extension of payment had been given, is, to our minds, quite satisfactorily shown to us, by all the circumstances attending the transaction, supported by the direct testimony of Allen, the principal in the note, who testified positively to the existence of both these facts. It is true the competency of Allen's testimony is objected to, because it had been taken in the form of a deposition previous to the time when a judgment by default had been entered against him. Whether this circumstance can have the effect to render his evidence inadmissible, it is unnecessary for us now to determine, for in any event this cause will have to be reversed and remanded on other grounds, and under our new and reformed system of practice we apprehend no question will or can be made against its introduction at a second trial of

the cause. Nor is there any necessary conflict between his testimony and that of a Mr. Finley, who testified in behalf of plaintiff concerning the same transaction, but mostly to different and distinct facts.

On the trial of this cause there was a verdict for plaintiff against Clark, on which, after overruling a motion for a new trial, a judgment was entered. The motion for a new trial was founded, among other things, upon the giving and the refusal to give certain instructions to the jury, some of which were in conflict with the law, as laid down in the case of *Kelley* v. *Gillaspie*, 12 Iowa, 57; and the motion, therefore, should have been sustained.

We allude, more particularly, to the second instruction asked by defendant, which was refused, and the ninth instruction asked by plaintiff, which was given, and a similar charge given by the court, on its own motion. The judgment below will, therefore, be reversed, and the cause remanded.

Reversed.