SINGER v. CAVERS.

1. Demurrer: WHEN TOO GENERAL. A demurrer to a petition on the ground that it does not state facts sufficient to constitute a cause of action, is insufficient.

2. —— SUSTAINING OF GENERAL ONE. The sustaining of a general demurrer to the whole of a petition, one count of which is well stated, is erroneous.

*Appeal from Allamakee District Court.*

SATURDAY, DECEMBER 12.

THE petition alleges, that in October, 1856, defendant made to plaintiff his warranty deed to a certain quarter section of land, for a valuable consideration; that plaintiff has not been permitted to quietly and peaceably hold and enjoy the same, but that the United States had, at the time of making said deed, and still has, the lawful right and title to the same, and in virtue thereof did evict and eject plaintiff therefrom, whereupon, etc.

To this petition defendant demurred, because, first, it does not state facts sufficient to constitute a cause of action; second, it appears that the land was entered with a land warrant which was declared void, but there is no averment that the entry was canceled; and, third, for the reason that the commissioner of the general land office had no power to set aside the said entry. Demurrer sustained, and plaintiff appeals.

*Samuel H. Kinsie* and *Griffith & Knight* for the appellant.

*R. Noble* for the appellee.

WRIGHT, J. — The first ground of the demurrer, that the petition did not state facts constituting a cause of action, is too general, and for this reason alone should have been overruled. Rev. § 2877.

1. DEMURRER: when too general.

The other grounds misconceive the averments of the petition. There is a second count, it is true, setting up that the land was entered with a land warrant which was found and declared to be fraudulent by the commissioner, and the same ordered to be canceled, and that thereupon the United States evicted

2. —— sustaining of general one.

plaintiff's grantee, of which defendant had notice. The demurrer, however, struck at the whole petition, and it was sustained to it as a whole. The first count was in no measure obnoxious to the objections made, and the court therefore erred in holding it bad. It does not appear from this part of the pleading how defendant claimed to derive his title, nor that he had any right to it from the United States or any other source. It is only shown, that when he made the deed, the title was in another, and that plaintiff had been evicted. This was sufficient. Into other questions we need not enter. Indeed it would not be proper to do so.

Reversed.