Bonney v. Bonney.

---

BONNEY, Admr., v. BONNEY.

1. **Demurrer :** PRACTICE. The sustaining of a demurrer to the whole of an answer, one count of which is good, is erroneous.

2. **Release :** JOINT OBLIGORS. The release of one or more persons who are jointly, or jointly and severally, bound, is a discharge of all, unless it appears from the instrument, or the circumstances and relations of the parties, that they cannot reasonably be supposed to have so intended.

3. **Surety :** EXTENSION OF PAYMENT. A binding agreement with the principal by which the time of payment is extended to him without the consent of the surety, will discharge the latter, regardless of the fact as to whether he was or was not prejudiced by such extension.

*Appeal from General Term, Second District (Van Buren County.)*

WEDNESDAY, AUGUST 31.

THE defendant (J. H. Bonney) was appointed the administrator of Jacob Lane, and made his bond, with the other defendants as his sureties. He made his final report, showing a balance of several hundred dollars in his hands, and resigned his trust. Plaintiff (S. E. Bonney) was thereupon appointed administrator *de bonis non*, and brings this action upon the bond made by the first administrator, claiming a portion of the amount reported as in his hands on his final settlement, as also for a large

sum over and above that amount, because of errors and mistakes in said settlement.

The defendant Mills (one of the sureties,) answering, among other things states, that after his principal made his final report the county judge instructed and authorized the plaintiff to take money and securities in payment of said indebtedness or balance, by taking from each of the other sureties $400, and from the principal a like sum; that plaintiff accordingly did compromise and settle said indebtedness, by receiving from one of the sureties $400 in money; from another his note well and sufficiently secured by mortgage, for a like sum on two years' time, with ten per cent interst, and from the principal his note and mortgage for $1,500, due in five years, with ten per cent interest; the last mortgage being intended for the benefit and protection of the sureties as well as the estate; that this money and these mortgages were intended to be, and were given and received, in full settlement and balance of the entire indebtedness of said first administrator to the estate; that plaintiff made his report to the county court of the said settlement and proceedings; that the same were there ratified and affirmed; that plaintiff received a valuable consideration for extending the time of payment to said J- H. Bonney; whereupon, by reason of all said premises, defendant, who was ignorant thereof, says he is discharged. He further avers that plaintiff did afterward, without his knowledge or consent, with the approbation of the county court, release from the mortgage given by J. H. Bonney the most valuable part of the real estate therein contained, wherefore, etc.

The answer contained very many other defenses, but the foregoing will suffice to show the points ruled in the opinion. There was a demurrer to the whole answer, and, among others, upon the following grounds: the dis-

charge of the other sureties was *pro rata*, and the answer shows defendant was not injured thereby; and, also, that the taking of the mortgage from J. H. Bonney was not a discharge of his indebtedness; that it only settled or fixed the liability, and was not a payment; and, as other securities were not released nor thereby rendered unaavailable, and defendant was in no manner injured, he cannot complain. These grounds of demurrer were sustained and all others overruled, and defendant Mills appeals.

*R. P. Lowe* and *Jos. T. Smith* for the appellant.

*Trimble & Baldwin* for the appellee.

WRIGHT, J.—The appellant very correctly insists, that as the demurrer was to the whole answer, some parts and 1. DEMURRER: divisions of which are undeniably good, as practice. against the grounds of demurrer now before us it should have been overruled. This is clear enough upon principle, and has been more than once so ruled by this court. See *Singer* v. *Cavers*, 26 Iowa, 178; *Zapple* v. *Rush*, 20 id. 99; *Edmunds* v. *Cochrane*, 12 id. 488; *Jarvis* v. *Worick*, 10 id. 29; *Coon* v. *Jones*, id. 131.

But other questions have been argued, and are important to the speedy settlement of this controversy; we therefore 2. RELEASE: proceed to their examination. The general joint obligors. rule is, that the release by the obligee of one of two or more persons, who are jointly or jointly and severally bound to him, is a discharge of all. This release (technical as it is sometimes and perhaps generally called) will not, however, have this effect if, looking at the whole instrument, the relations of and circumstances of the parties, they cannot reasonably be supposed to have so intended. It will rather be construed as a mere agreement not to charge the person or party to whom the release is given.

*Seymour* v. *Butler*, 8 Iowa, 304, and cases there cited; and see *Turner* v. *Hitchcock*, 20 id. 310. In this case the answer avers that plaintiff did compromise and settle the entire indebtedness, by receiving the money and mortgages therein set out ; that they were given and received in full settlement ; that the other sureties, as well as the principal, were released from their obligation upon the bond, and that defendant (appellant) was thereby discharged. And, as we find nothing in the instruments of release, the order of the county courts, the reports thereto, the relations of the parties, or the circumstances, in conflict with this averment, or with the facts stated upon which the averments are based (but, on the contrary, made to support them), they must be accepted as true ; and so accepted they present a complete bar to a recovery by plaintiff. This conclusion is reached, both upon the ground that the facts stated show a release of the other sureties, and because they show a full settlement of the principal's indebtedness. If either of these averments is true, as already stated plaintiff cannot recover.

As to taking the mortgage from the principal, and the time given (five years), we remark, that, if it was accepted

3. SURETY: extension of payment. simply as a collateral security, and plaintiff's right of action upon the bond was not thereby superseded, it would not operate to discharge appellant. If this was the agreement, however, either in fact or in law, he would be discharged, without reference to its effect otherwise upon his rights. A binding agreement with the principal, by which the time of payment is extended without the consent of the surety, releases the latter, and courts will not stop to inquire whether he is prejudiced thereby. *Coriell* v. *Allen*, 13 Iowa, 289 ; *Lauman* v. *Nichols*, 15 id. 161; *Kelley* v. *Gillapsie*, 12 id. 55; *Chambers* v. *Cochran*, 18 id. 159, and the cases there cited; also *Davis* v. *Graham, post.*

The release of the property included in the mortgage, unless there be sufficient left for appellant's security, would *pro tanto* operate to his injury, and to that extent he would be released. The security taken for the principal was for his benefit and protection, as well as that of plaintiff. And, if the property thus released was sufficient to discharge appellant's liability, plaintiff's right of action against him would be gone. The simple release, however, without more would not discharge him, for if there shall still be enough left for his protection, he is entitled to have it subjected to the payment of this debt, and if sufficient he is not, of course, prejudiced by the partial discharge, and cannot complain. *Chambers* v. *Cochran, supra,* and cases there cited.

In our opinion the answer, in the parts or divisions here considered, presents good grounds or defence, and the demurrer should have been overruled.

Reversed.