## PETTIGREW MACHINE CO. V. HARMON.

1. PAYMENT. *Of part in discharge of the whole debt.*

    Payment to a creditor of part of a debt in satisfaction of the whole will not dis-
    charge the debt; but an agreement by the creditor to accept from a third per-
    son in behalf of the debtor, a part for the whole, will discharge it; and pay-
    ment of part in satisfaction of the whole by an assignee, to whom the debtor
    has assigned his assets for payment of his debts, and who is acting as his agent
    to procure his discharge from them, is payment by a third person and dis-
    charges the debt.

2. RELEASE: *Of one debtor: Effect as to co-debtors: Evidence.*

    The general rule is that a release by a creditor of one of several joint, or joint
    and several debtors, discharges all; but to have this effect it must contain a
    plain and distinct remission of the claim; and, in that event, parol evidence of
    a contrary intention is inadmissible.

3. SAME: *Intention of the parties to.*

    If the parties to the instrument cannot reasonably be supposed to have intended a
    release, it will not be permitted to have the effect of a technical release, but
    only as an agreement not to charge the party to whom it is given.

4. SAME: *Intention: Effect as to creditor.*

    A debtor who accepts a release from his creditor which expressly retains the lia-
    bility of his co-debtor, thereby agrees that the right of the creditor to contribu-
    tion shall remain unimpaired: and such release does not effect the discharge of
    the co-debtor.

APPEAL from *Izard* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Carroll & Pemberton* and *J. H. Woods* for Appellant.

1. The receipt did not release Reynolds and Doughty. It
was nothing more than a covenant not to sue Reynolds and
Doughty; and a promise by a creditor to receive part of his
debt in payment of the whole, is *nudum pactum* and void.
*Pinnell's case, 5 Coke, 117; 2 Gr. E., Sec. 28; Chitty on Cont.,
645; 33 Ark., 572.* The receipt of a part of a debt as a dis-

charge of the whole is, in general, no satisfaction of the remainder, though the receipt express that the sum is received as a compensation. *17 Johns., 169; 5 Id., 271; 9 Id., 333; 20 Conn., 559; 2 Metc., 283; 1 Smith Lead. Cases, p. 595; 5 East., 230.* The debt here was liquidated and due, was not paid by a third party or by chattel, or in a different place or time from that appointed.

2. But if it released Reynolds and Doughty, it did not enure to the benefit of Harmon, and release him also. *It was not intended* as a technical release, for it expressly reserves all right to *sue any and all other persons whomsoever, responsible*, etc. *1 Lindley on Part., 433-4; 6 Johns. Chy., 242; 5 Gill & J., 351; 8 Paige, 229; 21 Wend., 424; 18 Pick., 416; 23 Id., 444; 17 Mass., 623.* The *intent* governs. *1 Lindley on Part., 435; Addison on Cont., (Ed. 1857) 1076; Parsons on Cont., p. 24;* also, *Gordon v. Moore, 44 Ark., 349, 358; Sally v. Forbes, 2 Brod. & Bing., 46; 1 Pothier on Obl., 234; Burge on Sur., 411; 66 E. C. L., 536.* All that Harmon can claim is that the debt, as to him, be diminished to the extent of the payment made by Reynolds and Doughty.

Cockrill, C. J. The appellant sued Reynolds, Doughty, Chase, Owens and Harmon on a promissory note executed by Reynolds, Doughty & Co., alleging that the parties sued were partners doing business under that style when the note was executed. The court tried the case without the intervention of a jury, after the issues were made, and found the facts to be that Reynolds, Doughty and Harmon, alone, composed the firm of Reynolds, Doughty & Co., and that they had executed the note sued on; that afterwards Reynolds and Doughty failed in business and made an assignment to one Hunt for the benefit of their creditors; that Hunt accepted the trust, and while acting as assignee, and also as agent for Reynolds and Doughty

to obtain their discharge from appellant's claim, he paid the appellant twenty cents in the dollar on their, debt out of the assets held by him as assignee, and took from them the following instrument in writing, viz :

" Received of J. B. Hunt, assignee of Reynolds & Doughty, thirty-three and 87-100th dollars ($33.87) in full of my claim (note) against them for one hundred and sixty-nine and 37-100th dollars, principal and interest. This receipt is not to be construed as releasing any other party whomsoever, responsible on the said note as partners or otherwise."

The court declared the effect of this to be a release to Reynolds and Doughty of the debt, and that the release of them enured to the benefit of their co-obligor, Harmon, and accordingly gave judgment for the appellees.

1. PAYMENT: Of part in discharge of the whole debt. It is very clear that the mere payment by a debtor to his creditor of a less sum than the amount of the debt due, though received as full satisfaction, is not an extinguishment of the demand. An agreement to accept from a third person, in behalf of the debtor, however, a less amount for the whole, is binding upon the creditor, and will discharge the debt. *Gordon v. Moore, 44 Ark., 349.*

In the case before us the payment was made at the instance of Reynolds and Doughty, but by a third person, and out of a fund over which they had no control. The assignment to Hunt vested the title to their assets in him, subject to the trust, and placed the same beyond their reach. There was no hope of a surplus remaining after the debts were paid, and until that was done they had no legal or equitable interest in the proceeds, that they could control or dispose of in any manner. *Bartlett, et al., v. Tea, 1 McCrea, 176.* The assignment had not been closed, and it was not known what percentage of their debts the creditors would receive. It was not believed that it would exceed twenty per cent on a final distribution. The appellant

accepted this percentage before the distribution was made.   It is immaterial that the assignee may have exceeded his authority in making the payment.   No one has complained of this; the appellant enjoys the benefit and must stand to his agreement to discharge Reynolds and Doughty.   Does this also relieve Harmon, the third partner?

The general rule is, that the release by a creditor of one of several persons who are jointly, or jointly and severally, bound to him, is a discharge of all.   *Vandever v. Clark, 16 Ark., 331; Gordon v. Moore, 44 Ark., 356.*   And a release to one partner is a release to all. *2. Release: Of one debtor: Effect on others.*

The reasons given for the rule are, that there is but one debt, and that being once received by the party entitled to it, he has no further claim; or that the debtors have the right of contribution among themselves, and that the releasing creditor ought not to be allowed to enforce his claim against one whose remedy he has taken away.   A release to have this effect, however, must contain a plain and distinct remission of the claim, and in that event parol testimony cannot be heard to show a contrary intention.   *Shaw v. Pratt, 22 Pick., 205; Burk v. Noble, 48 Penn. St., 168; Ellis v. Essen, 50 Wis., 138.*

If the parties to the instrument cannot reasonably be supposed to have intended a release it will be construed only as an agreement not to charge the person to whom the release is given, and will not be permitted to have the effect of a technical release.   *1 Pars. Cont., 23, 162; 1 Whart. Cont., Sec. 1037; 1 Lindley Part., 433–4; Addison on Cont., 1076; McAllister v. Sprague, 34 Maine, 296; Bonney v. Bonney, 29 Iowa, 448.* *3. Same: Intention of the parties.*

It is manifest from the terms of the instrument relied upon as a release here that the appellant did not intend to discharge the debt. . It expressly reserves the right of the appellant to proceed against any other person whose liability for its pay- *4. Same:— Effect on creditor.*

ment could be shown.  Reynolds and Doughty accepted the discharge subject to this qualification.  Their assent to the reservation of the creditor's rights against their co-debtor, raises an implied agreement on their part that the right of the co-debtor to contribution against them, if it existed at all, should remain unimpaired.  *Bennett v. Pardieu, 63 Cal., 155; Parmelee v. Lawrence, 44 Ill., 405; Solly v. Forbes, 6 Eng. Com. Law, 27; North v. Wakefield, 13 Q. B., 541.*

Since the instrument does not release the debt or impair the obligation of the co-obligors among themselves, the reason of the rule, that a discharge of one is a discharge of all, fails and the rule itself ceases.  The instrument, in effect, is only a covenant to discharge the parties named, and the general rule again is that this does not release their co-obligors.  *Bozeman v. State Bank, 7 Ark., 328; 2 Whart. Cont., Sec. 1033.*

The following cases are authorities to the effect that a discharge of one partner is not a release of others when the instrument of discharge was not so intended.  *Bennett v. Pardieu, 63 Cal., sup.; Parmelee v Lawrence, 44 Ill., 405; Seymour v. Butler, 8 Iowa, 304; Solly v. Forbes, 6 Eng. Com. Law, 27; See 1 Lindl. Part., 434–5.*

The payment made by Reynolds and Doughty enured, of course, to the benefit of Harmon, because the debt, to that extent, was extinguished, but he can take no other benefit from the transaction.

Let the judgment be affirmed as to all the appellees except Harmon; as to him let the judgment be reversed and the case remanded for a new trial.