RICHARD CROKER, JR., Respondent, *v.* THE HOTCHKISS, VAIL & GARRISON COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Accord and satisfaction — what is a sufficient consideration to establish — landlord and tenant — payment — evidence.

Where a tenant being in financial difficulties appointed three so-called trustees to collect outstanding accounts and liquidate its indebtedness, and the attorney for the landlord wrote the trustees that his client would, on payment of the balance admittedly due on two judgments he held against the tenant, waive certain damages he claimed by reason of the tenant's failure to make repairs as required by the lease, and one of the trustees after some correspondence sent him a check signed by the trustees as such for the amount due on the judgments "in full and final payment" in accordance with the attorney's letter,

which check was cashed and acknowledged as a receipt for all the rent and "other charges on the property," the landlord cannot later recover for the cost of the repairs which he made on the property.

The doctrine that the payment of an admitted liability is not a consideration for an alleged accord and satisfaction of another independent liability has no application, because payment in the case at bar was made by a party other than the judgment debtor. Such a payment in whatever amount is a sufficient consideration for an accord and satisfaction.

Payment by the "trustees" was not payment by the tenant, especially where the landlord's attorney expressly questioned in his letter the authority of the trustees to take any action on behalf of the tenant.

Where the letters of the landlord's attorney were received in evidence without any objection being taken as to the attorney's authority to make a compromise or to write them, an objection made at the close of the case that he had no such authority is too late. The letters once received in evidence were competent for every purpose.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered upon the direction of a verdict.

John H. Regan, for appellant.

Warren McConihe, for respondent.

BIJUR, J. The only question upon this appeal, and for that matter, upon the trial also, was whether the uncontradicted facts established an accord and satisfaction.

Plaintiff was the landlord of the defendant corporation. The lease provided that the lessee make certain repairs. The lease expired December 31, 1918. Defendant had under its terms deposited with plaintiff as security $500 which was to be applied on account of

the last installment of rent and interest at the rate of two and a half per cent per annum from January 1, 1916, to be allowed to the lessee in the meanwhile.

It was stipulated at the trial that in September and October, 1918,. respectively, plaintiff had recovered two judgments against defendant·for the July, August and September rent and for a proportion of the taxes payable by the defendant. It was also conceded that a new tenant had paid plaintiff rent for six days of September,— for which defendant was entitled to a credit.

On October 1, 1918, the account between the parties concededly stood as follows:

| | | |
|---|---|---|
| Defendant owed on the two judgments... | | $1,036 75 |
| He was entitled to credit for | | |
| his deposit .............. | $500 00 | |
| Six days' rent of September. | 63 00 | |
| Total ............................. | | 563 00 |
| Leaving a balance of.................. | | $473 75 |

On or about October first, the date not appearing in the record and being apparently conceded to be immaterial, the defendant made some arrangements with its creditors undertaking to appoint three " trustees " to collect outstanding accounts and liquidate the indebtedness. This purpose had not been fulfilled at the time of the alleged accord. On October fifteenth plaintiff's attorney wrote to Mr. Hoffman, one of the three trustees, advising him that he had learned of their appointment and informing him of the recovery of the judgments aggregating $1,036.75 and adding a claim for $500 for defendant's failure to place the property in proper repair. The letter then continued:

" I have advised Mr. Henry A. Blumenthal under date of October 15th that my client will, if settled at once, accept $473.75 in payment of these two judgments, *waiving the $500 damages,* crediting the judgments with the $500 on deposit and $63 for occupation of premises from September 24th to September 30th inclusive.

" If this offer of settlement is not at once accepted, my client has authorized me to take the usual action against the former directors, officials and others for malfeasance in office, and for an accounting of their acts. He has also authorized me to take another step against you, in view of the fact that you have, contrary to the Laws of the State of New York, accepted and received the assets of this corporation and paid, as we are advised, such creditors as you saw fit and have made no effort or attempt to pay my client his adjudicated claims."

In a letter of October twenty-second this attorney further wrote to Mr. Hoffman that although his client, the plaintiff, had been " surprised that I had stated that he had agreed to waive the damages for roof and repairs. * * * However, he said that as long as I made the offer of $473.75 in settlement, he would not cause me to withdraw the same." Further reference was made to the irregular way in which defendant was endeavoring to discontinue its business, and he concluded: " and that we are entitled to follow the assets into whosoever's hands they may have come. However, I think my offer is a very reasonable and fair one."

Mr. Hoffman, the " trustee " addressed, on the same day wrote a letter to plaintiff's attorney saying: " In accordance with your letter of October 15th I beg to hand you check for $473.75, which is in full and final payment for rent for the Hotchkiss, Vail & Gar-

rison Co.   *   *   *   ,'' and inclosed a check which was marked '' in full and final payment,'' the check being made out the '' Trustees of the Hotchkiss, Vail and Garrison Co., Inc., by George E. Hoffman.'' Plaintiff's attorney the next day acknowledged receipt of the letter and check and added: '' You may consider this letter a receipt for the check when it is paid, and also a receipt for all future claims for rental and *other charges on the property.*''

The plaintiff now sues and has recovered for the actual cost of the repairs which defendant did not make, namely, $223.50.   His counsel supports this recovery by the citation of the principle that: '' The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability.'' *Mance v. Hossington,* 205 N. Y. 33, 36.   Respondent's attorney, however, fails to consider the fact that the proposition in the instant case was made to, and the money paid by, a party other than the judgment-debtor. Such payment, in whatever amount, has invariably been held to be sufficient consideration for an accord and satisfaction.   See 1 C. J. 545, and cases there cited.

In *Pettigrew Machine Co.* v. *Harmon,* 45 Ark. 290, the circumstances were almost identical with those in the instant case.   The payment was made by an assignee for the benefit of creditors of the original debtor.   It was held that the assignment to the assignee '' vested the title to their assets in him, subject to the trust, and placed the same beyond their reach   *   *   *. The assignment had not been closed, and it was not known what percentage of their debts the creditors would receive.''   The appellant accepted this percentage before the distribution was made, and it is immaterial that the assignee may have exceeded his authority in making the payments.

Again, in *Bidder* v. *Bridges,* 37 Ch. Div. 406 (1887), a case in the Court of Appeals, a check of B's solicitor for a smaller amount accepted by A in full satisfaction of B's liability for costs was held to be a good accord.   Lord Justice Cotton in distinguishing the time-honored authority, *Pinnel's Case,* 5 Co. 117, said: "Here the solicitor himself gives the cheque for this amount.  It is very true he was paying it on behalf of his client, but not paying it so as to make his act in signing that cheque the act of his client.  He gave the cheque and became personally responsible for it, though undoubtedly, he had a right of indemnity as against his client to be paid by him whatever he might pay."

The same idea evidently underlies the decision in *Bunge* v. *Koop,* 48 N. Y. 225, where an agreement of defendants' debtors to borrow of their friends and to pay to plaintiff a less sum than the amount admittedly due was, when carried out, held not to constitute a good accord, the court saying: "The money when paid (namely, by the friends of defendants) was to belong, and in fact did belong to defendants.  It was to be paid, and was paid, as their money."

On the other hand, the individual promissory note of one member of a copartnership, after its dissolution, for a portion of the copartnership debt was held to be a good consideration for a discharge of the maker from all liability for the debt.   *Luddington* v. *Bell,* 77 N. Y. 138, 140.

All the reasons for regarding a payment like those discussed as one made by a third person rather than a payment by the original debtor through the medium of an agent appointed for that purpose, are emphasized in the instant case by the attitude of the plaintiff at the time of the settlement.  It will be observed that the very authority of the "trustees" to take any

Appellate Term, First Department, June, 1919.    [Vol. 107.

action *on behalf of the defendant* was questioned in the letter of plaintiff's attorney presenting the proposition. I am of opinion, therefore, that the defense of accord and satisfaction was sustained.

Respondent urges also that no authority was shown on the part of the attorney to enter into an accord and satisfaction on behalf of his client. No such objection, however, was taken to the introduction of the letters of the attorney. On the contrary, it was urged that neither the attorney nor the plaintiff himself could " waive another claim when he received payment of the amount due on a claim concededly due." It is true that in the motion to dismiss the defense of accord and satisfaction respondent's attorney, at the close of the case did refer to his (the attorney's) lack of authority, but the point was manifestly taken too late. The letters were evidently proof of the attorney's authority even though they be regarded as hearsay. Such evidence when admitted and accepted becomes competent for every purpose. *Dayton* v. *Parke,* 142 N. Y. 391, 397; *Saranac & L. P. R. Co.* v. *Arnold,* 167 id. 371. Moreover, the point was not pressed and evidently is not substantial, the real issue having been clearly, as stated by defendant's counsel at the opening of the trial,— and apparently acquiesced in by plaintiff's counsel,— the question of law whether there was an accord and satisfaction.

The judgment must, therefore, be reversed, with thirty dollars costs, and judgment ordered in favor of defendant, with costs.

GUY and MULLAN, JJ., concur.

Judgment reversed, with thirty dollars costs.