JONES *v.* CHISM.

Opinion delivered November 5, 1904.

JOINT TORT—SINGLE SATISFACTION.—Whenever a person injured by the wrong of several joint tort feasors has settled his claim for damages and received satisfaction from one of them, the cause of action is discharged as to all.

Appeal from Boone Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

*Crump & Bailey,* for appellants.

A compromise of a disputed claim is binding. 46 Ark. 217; 56 Ark. 43; 45 N. Y. 635; 75 N. Y. 498; 4 N. Y. 594; 6 J. R. 31; 32 N. E. 273; 91 N. Y. 329; 49 Vt. 327; 3 W. Va. 393; Jaggard, Torts, 344; 3 Wall. 132. A party receiving an injury is entitled to but one satisfaction. 8 Cow. 111; 1 Hill, 185; 45 N. Y. 638; 75 N. Y. 495; Coke, Litt. 232; 3 Johns. 175; 24 Ark. 540.

HILL, C. J.    Chism sued Tom Jones, Bill Jones and E. J. Hickock in Boone Circuit Court for forcibly entering his land and cutting and carrying away timber therefrom. The defendants answered, denying indebtedness for the amount sued for or any other sum above $20, and pleaded an accord and satisfaction between Chism and Tom Jones whereby Chism received $20 in full of all claims and demands as damages against him for cutting timber and agreed to dismiss as to him in this suit, which was then pending against the three of them. Defendants averred that, having received one satisfaction for the damages sued for, he was not entitled to recover another satisfaction. A demurrer was sustained to their answer, and, the defendants standing on it, the damages were assessed, and judgment entered therefor, and the defendants appealed therefrom.

Is the satisfaction by one of several joint trespassers a release of the others?

The accepted rule on the subject of the liability to joint or several suits of joint wrongdoers is the one announced by Chancellor Kent, when Chief Justice of the Supreme Court of New York, that joint or several suits could be prosecuted against joint trespassers with judgments against each, but only one satisfaction. *Livingston* v. *Bishop,* 1 Johns. (N. Y.) 289; Cooley on Torts, p. 138.

Judge Cooley says: "It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrongdoers by reason of what has been received from or done in respect to one or more others, that the bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent. Therefore, if he accepts the satisfaction voluntarily made by one, that is a bar to all." Cooley on Torts, p. 139.

Prof. Jaggard says: "Wherever the person injured by the wrong of several joint tort feasors has settled his claim for damages, and received satisfaction from one of them, the cause of action is discharged as to all." 1 Jaggard on Torts, § 117.

To same effect is 24 Am. & Eng. Enc. Law (2d Ed.), p. 306. Numerous authorities are cited by these writers sustaining this proposition, which seems to be firmly established.

The answer presented a good defense, if proved, and therefore the court erred in sustaining a demurrer to it.

Reversed and remanded.