Chicago & Northwestern Railway Company, Respondent, vs. Milwaukee Northern Railway Company, Appellant.

*March 5—March 23, 1915.*

*Railroads: Crossings: Contract as to payment of cost: Jurisdiction of railroad commission: Statute construed.*

Sec. 1797—56, Stats. 1913, giving to the railroad commission power with respect to "every crossing" of the track of one railroad "hereafter made" by that of another, to determine how it should be made and to apportion the cost, has no application to the widening, within the right of way of one railroad company, of a crossing established before the enactment of said statute, and hence does not supersede or affect a previous contract between the two companies as to payment of the cost of such change.

Appeal from an order of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

Action to recover on contract the alleged cost of improving the crossing at the point where plaintiff's track passed over

those of defendant so that the same would accommodate an additional track which the former desired to establish within its right of way. The contract was made May 26, 1906. Thereby the parties mutually agreed that defendant might maintain its railway track across plaintiff's right of way and under its track at the point in question, and in consideration of the privilege granted defendant agreed, in case of plaintiff constructing any additional track and thus necessarily incurring expense to readjust the physical situation at the crossing so as to accommodate the same, to pay the cost thereof. During 1911 and 1912 plaintiff incurred such expenses to the amount of $14,600.27. Defendant refused to pay the same. Thereupon this action was commenced to enforce payment thereof, and the facts aforesaid were fully set forth in the complaint.

Defendant answered admitting the allegations of the complaint but pleading that, by the statute of 1911, the railroad commission possessed jurisdiction to decide upon how such crossing should be made and the cost thereof be apportioned between the two roads, and that such jurisdiction superseded the contract obligations; that proceedings under such statute and an order of the railroad commission in relation to the matter were conditions precedent to plaintiff possessing authority to change the crossing, and that no such order had been made.

Plaintiff demurred to the answer for insufficiency and the demurrer was sustained.

For the appellant there were briefs by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McNamara.*

*Edward M. Smart,* for the respondent.

MARSHALL, J. The statute relied upon by appellant (sec. 1797—56, Stats. 1913) does not apply to the facts disclosed by the pleadings. The language of the statute is this:

"Every crossing . . . hereafter made . . . shall be above, below or at grade of the tracks proposed to be crossed as the

railroad commission shall determine. . . . It shall fix the proportion of the expense of originally constructing, operating, and maintaining such crossing, which shall be paid by the owners of said tracks respectively."

The meaning of that is unmistakable. The purpose of it was to promote safety as regards future established crossings,—not to deal with existing crossings. The one in question was of the latter class. It had been established long before the enactment of the statutory regulation. The work in question consisted only in widening it within plaintiff's right of way. That seems so plain that we may well pronounce judgment without discussing other questions presented in the briefs of counsel.

*By the Court.*—The order is affirmed.

BARNES, J., took no part.