## CITY OF AUSTIN v. JOHNSON. (No. 5943.)*

(Court of Civil Appeals of Texas. Austin. June 12, 1918.)

1. MASTER AND SERVANT ⬤⟲354 — WORK-MEN'S COMPENSATION ACT — ACTIONS AGAINST THIRD PERSONS.

A settlement by the Industrial Accident Board, as provided in Acts 33d Leg. c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), with an employé of a subscriber, does not preclude an action by the employé against a third party to recover damages occasioned by negligence of such third party.

2. JUDGMENT ⬤⟲888 — SATISFACTION — RELEASE—JOINT TORT-FEASORS.

Where an injury is occasioned by acts of two or more joint tort-feasors, though the party injured may have judgment against all of them, he can have but one satisfaction for the injury received.

3. RELEASE ⬤⟲29(4)—JOINT TORT-FEASORS—SETTLEMENT.

Where a plaintiff settles with one tort-feasor, but does not release his cause of action, another tort-feasor is entitled to have such payment credited as an offset, pro tanto, against damages that may be recovered against him.

4. MASTER AND SERVANT ⬤⟲389 — WORK-MEN'S COMPENSATION ACT—SUBROGATION.

Under Workmen's Compensation Act, pt. 2, § 6 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq), insurance association is not subrogated to rights of employé against third person, whose negligence alone caused injury, and is given no right to indemnify itself against such wrongdoer, save only where he is an independent or sub contractor.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by S. W. Johnson against the City of Austin. Judgment for plaintiff, and defendant appeals. Affirmed.

J. B. Rector and Hart & Patterson, all of Austin, for appellant. Dickens & Dickens and White, Cartledge & Wilcox, all of Austin, for appellee.

### Findings of Fact.

JENKINS, J. Appellee was an employé of the Texas Long Distance Telephone Company, a corporation, and at the time of his injury was engaged in repairing the wires of that company in the city of Austin. Appellant owned and operated a light plant in said city. Appellee came in contact with telephone wires, from which he suffered the injuries complained of. Appellee would have suffered no injury by reason of said contact, but for the fact that the telephone wires had come in contact with the wires of appellant's light plant, which were heavily charged with electricity. The point of contact was 200 yards from where appellee was injured, and he was not aware of such contact, and had no reason to suspect the same.

In response to special issues submitted to them, the jury found that appellee's injuries were directly and proximately caused by the negligence of appellant in so constructing its poles and wires as to permit them to come in contact with the wires of the telephone company. The evidence sustains this finding.

Appellant answered, among other things, that appellee at the time of his injury was in the employ of the said telephone company, which was a subscriber to the Industrial Accident Board of the state of Texas; that by virtue of said fact said association became liable to appellee for the injuries he had received, and, recognizing such liability, had settled with appellee in the manner provided by the Employers' Liability Act of this state; that appellee had accepted such settlement, and was therefore precluded from recovering from appellant in this action.

Appellee excepted to said plea as not presenting any defense to the cause of action herein sued on. The court sustained said exception, to which appellant duly excepted.

### Opinion.

[1] The issue presented by the action of the court in sustaining the demurrer, as stated in our findings of fact, supra, is: Does a settlement by the Industrial Accident Board, as provided in chapter 179, Acts of Texas Legislature of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h-5246zzzz), with an employé of one who is a subscriber to such association, preclude an action by such employé against a third party, who is nowise connected with such association, to recover damages occasioned by the negligence of such third party? We answer this question in the negative.

[2] It is true that, where an injury is occasioned by acts of two or more joint tort-feasors, though the party injured may have judgment against all of them, he can have but one satisfaction for the injury received. Railway Co. v. Darr, 93 S. W. 166; Jones v. Chism, 73 Ark. 14, 83 S. W. 315; McGehee v. Shafer, 15 Tex. 198; Thompson v. Albright (Tex. App.) 14 S. W. 1020; Bank v. Curtiss, 37 Barb. (N. Y.) 317; Ellis v. Bitzer, 2 Ohio, 89, 15 Am. Dec. 534; Knapp v. Roche, 94 N. Y. 329.

[3] Also, where a plaintiff settles with one tort-feasor, but does not release his cause of action, another tort-feasor is entitled to have such payment credited as an offset, pro tanto, against the damages that may be recovered against him.

The evidence indicates that appellant was not negligent in its conduct toward appellee. But, independent of this, we do not think that the legal principles announced in the next two preceding paragraphs hereof apply to the instant case. It was held by our Supreme Court in Middleton v. Power Co., 185 S. W. 560, that a cause of action arising for an accidental injury is purely the creation of the common law, and may be taken away by the Legislature, and another cause of action substituted therefor. The

Legislature of this state, by the enactment of the Employers' Liability Act, has taken from the employé of a subscriber to the insurance association all right of action against such employer, and substituted a cause of action against another (the insurance association), who was not, under the rules of the common law, liable for the damages arising from the injury, being in no wise responsible for such injury. But it does not follow that the Legislature intended to exempt another party, a wrongdoer, who has paid nothing for such exemption.

This responsibility of the insurance association does not arise from the tort of the employer, but from its contract to indemnify the employé for the injury received, without reference to any negligence on the part of the employer. Its liability is purely one of contract, supported by a valuable consideration on the part of the employer by the premium which he pays, and on the part of the employé by his surrender of his cause of action against his employer, which he otherwise would have had, if the injury had resulted from the negligence of the employer. A third party who causes an injury by his negligence is not a party to this contract; he shares none of its burdens, and is not entitled to any of its benefits.

A payment by the insurance association to the employé is not a settlement of damages for a tort committed by it, or by any one else, but the payment of an insurance policy in consideration of the premiums received. The employé has paid a valuable consideration for what he receives in a settlement under the act; and a wrongdoer, not a party to such contract, is not entitled to a part thereof, by having such payment offset in whole or pro tanto against his legal liability for a tort committed by him. It is worthy of note that the Texas Employers' Liability Act, as well as such acts in other states, is based upon the English Liability Act. Section 6 of the English act provides that the employé may proceed both against the insurer and the person causing the injury, *but shall not be entitled to recover both damages and compensation* (italics ours). There is no such provision in the Texas act, and it must be presumed that there was a purpose in omitting the same. That purpose, it seems to us, could be no other than not to deprive an injured party of his right to recover damages from a wrongdoer, by reason of the fact that he may have received compensation from the insurance association.

[4] The insurance association is not subrogated to the rights of the employé against one whose negligence alone caused the injury. It is given no right to indemnify itself against such wrongdoer, save only where he is an independent or sub contractor doing work for the subscriber. Section 6, Acts 1913, p. 433 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq). The insurance associa-

tion is presumed to be fully indemnified in all other instances by the premiums which it receives. The beneficial interest in the action against the wrongdoer remains in the injured party, and in him alone. There is nothing in the act itself to indicate that the payment received by him under his contract with the insurance association, and for which he has paid a valuable consideration, is to deprive him of his cause of action for an injury suffered at the hands of a wrongdoer, who is a stranger to such contract.

It may be argued that the law allows but one compensation for the same tort. True, the common law does not, and neither does the act here under consideration, though it might legally do so. As hereinbefore stated, the employé's action against the insurance association is not an action sounding in tort, but an action upon contract. It is not true, and has never been, that full compensation under a contract for an injury done will bar a recovery for the same injury against a wrongdoer. Take the familiar case where one has a life insurance policy, and is killed by the negligence of another. It would not be questioned that the legal representatives of the deceased would be entitled to the full monetary value of the deceased to those dependent upon him, notwithstanding payment of such policy. In such a case it might happen that the death of the deceased was a pecuniary benefit to his dependents. Thus, in a suit for damages on account of the negligence of the defendant, it might be found that the pecuniary value of the life of the deceased to the plaintiff was $10,000. But, if he had a life insurance policy for $20,000, the plaintiff would be the gainer, pecuniarily, of $10,000 net by such death. Of course, this fact would be no defense on the part of him who had wrongfully caused such death.

The Court of Civil Appeals of the Eighth District in the case of Dallas Hotel v. Fox, 196 S. W. 647, announced an interpretation of the act here under consideration different from the conclusion which we have reached as to the proper construction of said act. The facts of that case differentiated it from the instant case, in that Mrs. Fox sued both Harris & Co. as having caused the injury by their negligence, and the casualty company on its contract of indemnity. Harris & Co., instead of relying upon the fact that they were subscribers to the casualty company, admitted their liability as tort-feasors, and obtained a full release therefrom by the payment of an agreed sum of money. In the subsequent suit against the hotel company for alleged negligence in not keeping the elevator in repair, on account of which Fox was killed, the hotel company pleaded the settlement by its co-tort-feasor. In the instant case there is no claim of a settlement in whole or in part by a co-tort-feasor for the injuries received by appellee.

However, we rest our decision herein on the broader ground that the settlement with

appellee by the insurance company did not operate as a waiver of his right to sue appellant for damages inflicted upon him by the negligence of appellant. As was held by the Supreme Court of Wisconsin in construing a similar act: The purpose of the act is to control and regulate the relation between employer and employé. Hence a workman is not precluded by the act from recovering of one not his employer. Smale v. Mfg. Co., 160 Wis. 334, 151 N. W. 804 Judge Hall, in Hotel Co. v. Fox, supra, quotes from Railway Co. v. Miller, 120 Ga. 453, 47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210, as follows:

"It is immaterial whether the government paid the plaintiff anything or not; that would not affect the rights of the plaintiff in this case to recover against the company."

He approves this charge for the reason the postal laws provide for the payments to be made to mail clerks "irrespective of liability." And so the Employers' Liability Act provides for payment to be made by the insurance association, irrespective of liability on the part of the employer, or by the association, except under its contract of insurance. The amount to be paid by the insurance association does not purport to be the amount of damage suffered by an employé in any particular case, but is based on the wages being paid to the employé at the time of his injury, which may be more or less than full compensation for the injury received, and, in so far as this act is concerned, it is immaterial whether it is the one or the other. The insurance association is not liable for more than is fixed by the scale, and the employé cannot be compelled to accept less. No allowance is made for physical or mental suffering, which are proper elements of damages in actions for tort, and which may be much more in one case than in another, where injury is of the same general character (say the loss

of a foot), upon which payment is based. For a further discussion of Employers' Liability Acts, see L. R. A. 1916A, 22 to 465; and particularly, as to liability of third persons, pages 100 to 103.

The other issues raised by other assignments of error herein do not present any novel questions, for which reason we do not deem it necessary to discuss them. Suffice to say, after carefully examining them, we think they should be overruled. The record presenting no reversible error, the judgment of the trial court is affirmed.

Affirmed.

