### CITY OF AUSTIN v. JOHNSON.
(No. 197-3253.)

(Commission of Appeals of Texas, Section A. April 26, 1922.)

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by S. W. Johnson against the City of Austin. Judgment for plaintiff was affirmed by the Court of Civil Appeals (204 S. W. 1181), and defendant brings error. Affirmed.

J. Bouldin Rector, City Atty., and Hart & Patterson, all of Austin, for plaintiff in error.

White, Cartledge & Wilcox and Dickens & Dickens, all of Austin, for defendant in error.

SPENCER, P. J. Defendant in error, S. W. Johnson, an employé of the Texas Long-Distance Telephone Company, was injured during the course of his employment by the negligence of plaintiff in error, city of Austin, in permitting the wires from its light plant, which were

heavily charged with electricity, to come in contact with the telephone wires which defendant in error was repairing. This negligence was made the basis of his action against the city.

Aside from a general denial, plaintiff in error's principal defense was that defendant in error's employer was, at the time of the injury, a subscriber under the terms of the Texas Workmen's Compensation Act, and that, as he had accepted settlement from the association under the terms of the act, he was therefore precluded from recovering in this action. The trial court sustained an exception directed at the pleadings setting up this defense. There was a verdict and judgment in favor of defendant in error.

Upon appeal the honorable Court of Civil Appeals, speaking through Mr. Justice Jenkins, in affirming the trial court's judgment, thus stated the issue and answered it: "The issue presented by the action of the court in sustaining the demurrer, as stated in our findings of facts supra, is: 'Does a settlement by the Industrial Accident Board, as provided in chapter 179, Acts of Texas Legislature of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246xxxx), with an employé of one who is a subscriber to such association, preclude an action by such employé against a third party, who in no wise connected with such association, to recover damages occasioned by the negligence of such third party.' We answer this question in the negative." 204 S. W. 1181.

This identical question was before the Supreme Court for decision in the case of Gussie Fox et al. v. Dallas Hotel Co., 240 S. W. 517, and in an opinion by Mr. Justice Greenwood, delivered on April 19th, a like answer was given. The ruling in that case upon this point governs the disposition of this one.

There being no error requiring a reversal of the case, we recommend that the judgments of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.