**THOMAS et al. v. PUGH et al.    (No. 11915.)**

Court of Civil Appeals of Texas. Fort Worth.
Feb. 18, 1928.

Rehearing Denied April 21, 1928.

**1. Evidence ⚖➩208(8)—Plaintiff's original petition held admissible as admission against interest, after case was dismissed as to one alleged joint tort-feasor and petition was amended.**

Original petition against alleged joint tort-feasors *held* admissible as evidence, after dismissal of case as against one defendant and amendment of petition, as being in the nature of an admission against plaintiff's interest.

**2. Appeal and error ⚖➩930(3)—That defendant against whom plaintiff dismissed cause was not joint tort-feasor must be presumed in support of judgment on appeal, where question was not submitted (Rev. St. 1925, art. 2190).**

That defendant against whom plaintiff in personal injury action dismissed her cause was not a joint tort-feasor must, under Rev. St. 1925, art. 2190, be presumed in support of judgment on appeal, where the question of such defendant being joint tort-feasor was not submitted nor was submission requested.

**3. Release ⚖➩29(1)—Settlement by joint tort-feasor in full satisfaction of cause is satisfaction as to others.**

It is a well-settled rule that settlement by one joint tort-feasor in full satisfaction of entire cause of action is also a satisfaction as to others as well.

**4. Release ⚖➩28(1)—Rule that there can be but one satisfaction of same cause of action applies to all causes.**

The rule that there can be but one satisfaction of the same cause of action is applicable to all causes of action and is not peculiar to actions for torts.

**5. Action ⚖➩53(2)—Right to recover for injury from X-ray machine held indivisible as to manufacturer and sales company.**

Where plaintiff was injured from an electric current while pictures of her teeth were being taken for the purpose of demonstrating an X-ray machine, right to recover for such tort, relative to manufacturer and sales company, *held* indivisible.

**6. Release ⚖➩29(1)—Settlement in part satisfaction of tort is no bar to prosecution of suit against other joint tort-feasor.**

Where a settlement of claim is only in part satisfaction thereof, it is no bar to a prosecution of the suit against a joint tort-feasor who was not a party to the settlement.

**7. Release ⚖➩57(1)—In action for personal injury from X-ray demonstration, evidence held insufficient to show settlement with manufacturer released sellers of machine.**

In action for personal injury from demonstration of dentist's X-ray machine, evidence of release of the manufacturer for liability for injuries *held* not sufficient proof of settlement and satisfaction of plaintiff's entire claim against joint tort-feasors as to release the persons who had sold the machine to the dentist.

**8. Damages ⚖➩159(3)—Pleading alleging impairment of future capacity to work held to permit consideration of loss of future earnings, though loss was not specifically alleged.**

In action for injury sustained in demonstration of dentist's X-ray machine, pleading alleging impairment of plaintiff's future capacity to work *held* sufficient to permit consideration of loss of future earnings, though loss of such earnings was not alleged in specific terms.

**9. Damages ⚖➩163(1)—Damages for diminished capacity to labor could not be allowed without proof that earnings would be diminished.**

In action for personal injury sustained by plaintiff, damages merely for diminished capacity to labor could not be allowed without proof that by reason of that capacity plaintiff's earnings also would be diminished.

**10. Damages ⚖➩173(1)—Damages for loss of future ability to labor may be shown by proof of past earnings and other basic facts.**

It is a well-settled rule that damages for loss of ability to labor in the future may be shown by proof of earnings in the past and such other facts and circumstances as will furnish a reasonable basis therefor; exact proof on that issue being necessarily impossible.

**11. Appeal and error ⚖➩1068(5)—Failure to instruct jury to deduct amount paid plaintiff by one joint tort-feasor in computing damage held not prejudicial where court deducted amount in judgment.**

In personal injury action wherein plaintiff had dismissed cause as to one of the alleged joint tort-feasors and had received $200 payment at such time, court's failure to instruct jury to deduct such amount in determining damages payable *held* not prejudicial where court itself deducted such amount in rendering judgment.

**12. Damages ⚖➩63—Deducting from verdict amount plaintiff received from one joint tort-feasor on dismissal as to it held proper.**

In personal injury action against joint tort-feasors, court's deducting from verdict amount received by plaintiff from one defendant on dismissal as to such defendant *held* proper even though proof of payment was not shown, since plaintiff had received the sum on account of the injury and it would have been inequitable to allow retention thereof and also allow plaintiff to obtain full amount of damages assessed by jury.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by Ethel May Pugh and husband against K. A. Thomas and others. From the judgment, defendants appeal and plaintiffs cross-assign error. Affirmed.

Slay, Simon & Smith, of Fort Worth, for appellants.

Houtchens & Clark, of Fort Worth, for appellees.

---

⚖➩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

DUNKLIN, J. Ethel May Grant, who is now Mrs. Ethel May Pugh, the wife of W. S. Pugh, was employed as a dental nurse in the office of Dr. Leo E. Phillips, a dentist, in the city of Fort Worth. Dr. Phillips purchased from the partnership firm of Medcalf & Thomas an X-ray machine to be used by Dr. Phillips in taking photographs of the teeth of his patients. After the machine was installed in Dr. Phillips' office, a demonstration of it was undertaken, and to that end plaintiff Mrs. Pugh was requested to act as a patient, and while so acting in compliance with the request she sustained a violent shock from an electric current passing through the machine, which resulted in burns of her flesh and other injuries.

This suit was instituted by Mrs. Pugh, joined by her husband, against the partnership firm of Medcalf & Thomas and the individual members thereof, to wit, K. A. Thomas, Nellie Lynn Medcalf, Marion Medcalf Thomas, and her husband, Oscar L. Thomas, and also against the Ritter Dental Manufacturing Company, a corporation engaged in manufacturing and selling X-ray machines and other surgical instruments, and who had sold the machine in question to the partnership firm of Medcalf & Thomas, to recover damages for the injuries so sustained.

It was alleged in plaintiff's original petition that the injuries sustained by her resulted from and were occasioned by the negligence of one H. E. Lynn in adjusting the machine in such a manner as to permit a current of electricity to pass therefrom in and through the body of Mrs. Pugh. It was further alleged that in manipulating said machine Lynn was acting as joint agent of the defendants Medcalf & Thomas and the Ritter Manufacturing Company. The Ritter Manufacturing Company was a foreign corporation, and citation as against it was served upon K. A. Thomas, one of the defendants, as agent for that corporation.

K. A. Thomas filed an affidavit denying that he was the agent of the corporation, and also denying that he in any manner was interested in the corporation or had any authority to represent it in the suit or accept service of citation in its behalf. In the same affidavit it was stated that the Ritter Manufacturing Company had sold the machine to Medcalf & Thomas, but had taken no part in installing or testing the same. After that affidavit was filed, the plaintiff filed the following application with the court:

"Now comes Ethel May Pugh and her husband, W. S. Pugh, the plaintiffs in the above numbered and entitled cause, by their attorney, and respectfully show to the court that they desire to no longer prosecute the above numbered and entitled cause, in so far as same pertains to the defendant Ritter Dental Manufacturing Company only.

"Wherefore plaintiffs pray for order of dismissal as to the defendant Ritter Dental Manufacturing Company, and none other."

The court made the following order upon that motion:

"On this, the 18th day of September, A. D. 1926, came on to be heard the application of the plaintiffs for order of this court, dismissing the above numbered and entitled cause as to the defendant Ritter Dental Manufacturing Company only, and it appearing to the court that plaintiffs do not desire to prosecute said suit further as to the defendant Ritter Dental Manufacturing Company only, and none other:

"Now, therefore, it is ordered, adjudged, and decreed that Ritter Dental Manufacturing Company be and is hereby dismissed from said suit, and that plaintiffs take nothing as against said defendant Ritter Dental Manufacturing Company, and that said defendant Ritter Dental Manufacturing Company recover any court costs in this behalf incurred."

As a consideration for the dismissal of the suit as against it, the Ritter Dental Manufacturing Company paid the plaintiff the sum of $200.

After such dismissal, the plaintiff filed an amended original petition, in which the partnership firm of Medcalf & Thomas and its constituent members were named as the sole defendants. That petition contained substantially the same allegations as the original petition with respect to the injuries plaintiff sustained, and the manner in which they were occasioned, and that they resulted from the negligence of H. E. Lynn. However, it was further alleged that Lynn was then acting as the agent of the defendants named in the amended petition, and judgment was sought against those defendants only.

One of the defenses pleaded specially was that, according to plaintiff's pleading, the Ritter Dental Manufacturing Company was a joint tort-feasor with the other defendants; that it had paid to plaintiff the sum of $200 in satisfaction of her cause of action against it; and that the same amounted in law to a satisfaction of the entire cause of action as to both of the tort-feasors, including the remaining defendants.

The case was tried before a jury, who, in answer to special issues, found that the injuries to Mrs. Pugh resulted from the negligent manner in which the X-ray machine was operated, and that she sustained damages therefrom in the sum of $2,000. The trial judge supplemented the findings of the jury with the further finding to the effect that, plaintiff having already received from the dental company the sum of $200, the same should be deducted from the amount of damages assessed by the jury, and in accordance with that conclusion judgment was rendered in favor of the plaintiff for the sum of $1,800 against the partnership firm of Medcalf & Thomas, and against the defendants K. A. Thomas, Nellie Lynn Medcalf, and Oscar L. Thomas, individually. From that judgment

K. A. Thomas, Nellie Lynn Medcalf, and Oscar L. Thomas have prosecuted this appeal.

The principal contention made by appellants is that the acceptance by plaintiff from the Ritter Dental Manufacturing Company of $200 in full satisfaction of her claim against that company amounted in law to a satisfaction of her asserted cause of action against appellants also. That contention is based upon the assumption that if the alleged tort was committed, then appellants and the Ritter Dental Manufacturing Company were joint tort-feasors, and that, since there can be but one satisfaction for the same wrong, the settlement with the manufacturing company was necessarily a satisfaction of her entire cause of action as against both the wrongdoers.

[1] The recovery against appellants was based primarily on allegations and proof of the negligence of appellants, acting through their duly authorized agent, H. E. Lynn, in the manner in which he manipulated the X-ray machine at the time it was applied to plaintiff, acting as a patient. The only evidence introduced by appellants to show that the Ritter Manufacturing Company was a joint tort-feasor with them, if the alleged tort was in fact committed, was plaintiff's original petition containing allegations to the effect that in making the test in question H. E. Lynn, the operator of the machine, was acting as the agent of both the Ritter Manufacturing Company and appellants.

The original petition was no longer a present pleading in the case, since it had been superseded by the filing of the amended petition, and while it was admissible in evidence, in the nature of an admission against the interest of the plaintiff, the testimony introduced showed without contradiction from any witness that, in making the test, H. E. Lynn was acting solely as the agent of appellants, and not as agent of the Ritter Dental Manufacturing Company, and the allegations in the original petition that he was also the agent of that company were made under the mistaken belief at the time that the same was true.

[2] Appellants did not request the submission to the jury of the issue as to whether or not the Ritter Dental Manufacturing Company was a joint tort-feasor, nor was that issue submitted by the court; and in the absence of its submission a finding thereon by the trial judge that the manufacturing company was not a joint tort-feasor must be presumed in support of the judgment. Article 2190, Rev. Civ. Stats. 1925. For that reason alone, the proposition of appellants, noted above, must be overruled. Furthermore, neither in plaintiff's motion to dismiss the suit as against the Ritter Dental Manufacturing Company nor in the order of court granting the motion is there any showing that any

settlement had been made by that company of any character; they showed a nonsuit as to that company, and nothing more. It is true that further evidence introduced showed that payment by that company of $200 was the inducing cause of the nonsuit, but that evidence alone must be looked to for the purpose of determining whether or not such payment was in settlement of plaintiff's entire cause of action.

[3-5] It is a well-settled rule that settlement by one joint tort-feasor in full satisfaction of the entire cause of action is also a satisfaction as to the others as well. But the rule that there can be but one satisfaction of the same cause of action is applicable to all causes of action; it is not peculiar to actions for torts. For purposes of suit the right to recover for the tort was indivisible; two separate suits could not be carved out of the same wrong with a separate portion of the tort as a basis for each suit. The same can be said of legal proceedings to collect the amount due on a promissory note payable in whole on a certain date. It cannot be doubted that a sum paid, with an agreement that the same should be in partial settlement only of a promissory note or other evidence or indebtedness, cannot be held a settlement of a suit of cause of action asserted against the payer for collection of the balance due. The same is true of a partial settlement of a claim for damages growing out of a tort. So, when a payment has been made on such claim, the question is whether the same was accepted in full satisfaction of the claim or only as a partial payment to be credited thereon. In discussion of the question, the authorities usually designate the claim asserted as the "cause of action." Such designation may give rise to some confusion in the determination of the issue. Hunt v. Ziegler (Tex. Civ. App.) 271 S. W. 936, is the leading authority cited and relied on by appellants to support the contention that the settlement with the Ritter Dental Manufacturing Company was a settlement in full as to them also. The opinion in that case was expressly approved by our Supreme Court in Ziegler v. Hunt, 280 S. W. 546, and in it many authorities bearing on the subject are cited and reviewed. In that case it was held that a judgment approving a compromise settlement with the plaintiff by a defendant for a tort was a bar to a further recovery against another who was a joint tort-feasor, by reason of the recital in the judgment to the effect that it was in full settlement of "the cause of action" asserted in the suit in which the judgment was recovered.

Another decision cited, Blake v. Kansas City Southern Ry. Co., 38 Tex. Civ. App. 337, 85 S. W. 430, gave the same effect to a judgment approving a compromise settlement "of all the matters in controversy in this suit"; there being two defendants and the judgment

being invoked by one who was not a party to the settlement, but who was sought to be held liable because it was a joint tort-feasor.

[6] However, if it be shown that the settlement made was only in part satisfaction of plaintiff's claim, then it is no bar to a prosecution of the suit against a joint tort-feasor who was not a party to the settlement. Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258.

[7] The only evidence introduced upon the issue as to whether or not the settlement made by the plaintiff was understood and intended to be a settlement of her entire claim or only a part thereof was the following testimony of plaintiff herself:

"I filed suit against the Ritter Dental Manufacturing Company. I thought that was who the machine was purchased from, and I thought that was who Mr. Lynn was hired by; I was under that impression. It was manufactured by them. In answer to the question that I am now just asking for this $35,000 against these men, I will state that H. E. Lynn was hired by them [meaning Medcalf and Thomas]. They were the ones that were held liable. They admitted Mr. Lynn was hired by them. The manufacturer of the machine paid me $200. They paid me that to release them from the suit."

That testimony showed an agreement on the part of plaintiff not to hold the Ritter Manufacturing Company liable and that that company paid $200 as a consideration therefor, but it falls short of proof of settlement and satisfaction of plaintiff's entire claim for damages resulting from the alleged tort.

Testimony was introduced sufficient, prima facie, to prove that, as a result of the electric shock, Mrs. Pugh sustained personal injuries which will be of permanent duration; the jury found upon sufficient testimony that those injuries were the proximate result of the negligence of appellant's agent, H. E. Lynn. The trial court instructed the jury that, in determining the amount of plaintiff's damages, they might take into consideration any loss of earnings in the future which the jury might believe she would sustain as a result of her injuries. In her petition plaintiff alleged that her injuries were of a permanent character, and that as a result thereof her capacity to labor in the future had been impaired, and for such loss she claimed damages, but she did not allege in specific terms that she would sustain a future loss of earnings from her labor. Error has been assigned to the instruction so given by the court on the grounds, first, that there is no sufficient basis in plaintiff's pleadings for a recovery of loss of earnings in the future, in that her petition contained no allegations thereof; and, second, that there was no testimony to show any future loss of earnings—the contention being that evidence of diminished capacity to labor would not be sufficient to supply such proof.

[8, 9] In suits of the character of the present one, the loss of earnings in the future is the sole element of diminished capacity to work and thereby earn money, as was alleged in plaintiff's petition. Damages merely for diminished capacity for labor could not be allowed without proof that by reason of that condition plaintiff's earnings also will be diminished. Indeed, in I. & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47, it was held that there could be no recovery for loss of time without further proof of the value thereof.

[10] It is also a well-settled rule that damages for loss of ability to labor in the future may be shown by proof of earnings in the past, and such other facts and circumstances as will furnish a reasonable basis therefor; exact proof on that issue being necessarily impossible. Tex. Elec. Ry. Co. v. Jones (Tex. Civ. App.) 231 S. W. 823. And after careful consideration of the record, we believe the evidence introduced was sufficient to sustain a finding of loss of earnings in the future as well as prior to the trial.

[11] In a special issue submitted to them, the trial court instructed the jury to find the full amount of damages sustained by plaintiff, by reason of her injuries; with the further instruction that, in determining that amount, no deduction should be made of the $200 paid to plaintiff by the Ritter Manufacturing Company. Error has been assigned to that instruction and to the refusal of the court to instruct the jury that they should take that payment into consideration in determining the amount of damages to be assessed. There is no merit in this assignment, since the court deducted the $200 paid by the Ritter Manufacturing Company from the $2,000 found by the jury and rendered judgment for the balance, to wit, $1,800. This was all that the jury could possibly have done if they had considered the payment and given credit therefor.

[12] Even though it be said that the payment of $200 by the Ritter Manufacturing Company was for no other consideration than the dismissal of the case against it, yet having received that sum on account of the injuries and without which it would not have been paid, it would be inequitable and contrary to good conscience to allow plaintiff to retain that sum and also the full amount of damages assessed by the jury. Hence we overrule the appellees' cross-assignment of error to the action of the court in deducting from the amount of damages found by the jury the $200 already received by plaintiff, and then limiting the judgment to the difference between those sums. City of Austin v. Johnson (Tex. Civ. App.) 204 S. W. 1181; Id. (Tex. Com. App.) 240 S W. 523; St Louis, I. M. & S. Ry. Co. v. Bass (Tex. Civ. App.) 140 S. W. 860.

For the reasons stated, all assignments of error are overruled and the judgment from which the appeal is prosecuted is affirmed.