HADLEY *v*. BRYAN.

Opinion delivered February 15, 1902.

1. APPEAL—QUESTIONS NOT RAISED BELOW.—An objection that the plaintiff, suing as trustee, was not the proper party to sue, as he had no real interest in the suit, will not be considered on appeal if not raised below. (Page 199.)

2. RELEASE OF JOINT DEBTOR—EFFECT.—A release by the owner of a judgment of one of the three debtors jointly bound by it, in consideration of the payment of a less sum than was due therefor, will not operate to release the other two debtors where the instrument of release expressed on its face an intention not to release them. (Page 200.)

Appeal from Lawrence Circuit Court in Chancery.

FREDERICK D. FULKERSON, Judge.

Affirmed.

*George G. Dent,* for appellant.

No judgment should have been rendered, in favor of the trustee, on the note; an exhibit cannot supply a defect of allegation in a complaint, and in case of conflict the complaint controls. 50 Cal. 298; 32 Cal. 145; 75 Cal. 633; 66 Fed. 253. The payment made by Gibson for Olney, one of the three joint defendants in the judgment, operated to completely discharge him. 44 Ark. 348, 349; 45 Ark. 290, 292. The joint judgment against Hadley, Olney and Wilson was an entirety, and when it was satisfied as against Olney, it was satisfied as to all, and its identity and entirety were so far lost that it could not be revived as against the remaining two. 1 Bl. Judg. §§ 211, 491; 14 Ark. 27; 1 Pars. Cont. 27, 28, 186; 1 Rawle, 391; 4 Ad. & E. 675; 1 B. & P. 633; 3 K. & J. 442; 48 Pa. St. 175; 2 Brod. & Bing., 15, 16; 44 Ill. 405; 4 Gilm. 405; 5 Bac. Arb. 702 *G.;* 2 Whart. Cont. § 1037; 6 Bing. 547; 16 Ark. 331; 44 Ark. 356; 22 Pick. 205; 50 Wis. 138; Lindl. Part. 433, 434; Add. Cont. 1076; 29 Ia. 448; 104 Pa. St. 286.

*J. N. Beakley, Joseph W. Phillips, H. L. Ponder* and *Joseph M. Stayton,* for appellees.

Where, in satisfying the judgment against one joint debtor, the judgment creditor stipulates that his rights against the others shall remain unimpaired, the release of the one does not release all. 45 Ark. 291.

BUNN, C. J. · On the 14th February, 1898, J. J. Bryan, as trustee for the use and benefit of the Bank of Black Rock, filed his complaint in equity to foreclose a deed of trust executed by H. H. Hadley and wife, to secure a note executed by H. H. Hadley and John K. Gibson to said bank for the sum of $250, dated February 10, 1898, due and payable on the 10th May, 1898, with interest from date until paid at the rate of 10 per centum per annum. Among other things, it was alleged in the complaint: That on August 30, 1888, James M. Stout and George M. Caldwell, partners, recovered judgment against H. H. Hadley, E. C. Olney and M. G. Wilson for $369.50, and $11.50 costs, aggregating $381, upon which was paid subsequently and duly credited: December 18, $5; on May 9, 1891, $102.75; and on March 6, 1895, $50; leaving a balance on the 6th March, 1895, the sum of $————, bearing 10 per centum per annum interest. That on January 13, 1898, execution issued on said judgment, which was levied on the land of Hadley embraced in the deed of trust to the bank, and ran against the estate of Hadley. The last payment, to-wit: on the 6th March, 1895, made on said judgment, was made by Olney individually, and the following instrument of writing was given him by J. M. Stout, who, it appears, was the sole owner of the judgment, viz: "For and in consideration of the sum of $50 to me paid by John K. Gibson, for E. C. Olney, I have this day satisfied a judgment as far as the said E. C. Olney's obligation thereby is concerned, which was obtained by Caldwell and Stout against H. H. Hadley, E. C. Olney and M. G. Wilson, in the Lawrence circuit court for its western district, about the month of August, 1888, and which is the only judgment I own or control against said parties, intending hereby only to release the said Olney and not the said Hadley and Wilson from further obligation on said judgment, and accept the said $50 in full for his liability on the same. [Signed] J. M. Stout." That the release of one of the defendants in judgment was a release to all, and that the said judgment was thereby satisfied in full, and as to all the parties defendant therein; and that the execution sale made thereunder of the 248 acres of land of Hadley (which was the same land as is embraced in the deed of

trust) was and is null and void. On motion the said J. M. Stout was made a party defendant in the cause.

H. H. Hadley filed his answer and cross bill, and also subsequently his amended answer and cross bill, and alleged the same as to the release as did the plaintiff in his complaint. To this answer and cross bill Stout interposed his demurrer, as to the release of the judgment, and then answered the complaint to the same effect. The demurrer of Stout as to the amended answer and cross bill of Hadley was heard by the court on the 14th March, 1900, and upon consideration was sustained, the court holding that the release only went to the release of Olney, and not to the release of Hadley and Wilson, and, consequently, that the judgment was not satisfied by the making of said payment of $50 by said Olney, and decreed that Stout might proceed to collect the two-thirds share of Hadley and Wilson, but that the release was tantamount to a covenant not to sue as to the one-third share of Olney. To this ruling the defendant Hadley (refusing to plead over) excepted, his exceptions were noted of record, and he prayed and was granted an appeal to this court.

On the same day the court proceeded to make its findings on the facts of the case, and render its decree condemning said land embraced in both the deed of trust and execution to be sold, and the proceeds, after payment of costs, to be divided between the plaintiff and defendant Stout, to be applied towards the satisfaction of the deed of trust note of the bank, and the execution of Hadley, adjudged as aforesaid.

The transcript in this cause was filed in the office of the clerk of this court on April 28, 1900, and the briefs of appellant Hadley were filed March 12, 1901, and of the appellees April 10, 1901. The transcript was lodged in this court April 28, 1900, and on September 2, 1901, defendant Hadley filed his petition in the court below for an order *nunc pro tunc,* so as to make the record show that he had been granted an appeal therein from the final decree. This petition appears to have been granted by the court, over the objection of the plaintiff. The showing made in the petition does not appear to be sufficient for such an order, but the appeal has been considered nevertheless.

In his brief defendant Hadley contends that the trustee, Bryan, suing for the use and benefit of the bank, was not a proper party to the suit, as he had no real interest in it. This contention, how-

ever, appears to have been made for the first time in this court, and we need not consider it now.

The principal matter of controversy is the release of Olney by J. M. Stout, the sole owner and assignee of the judgment of Stout & Caldwell, and which we have copied in the statement of facts. We think the demurrer of Stout to the allegation of dedendant Hadley and plaintiff bank that this release of Olney was a release of all the defendants in judgment was properly sustained, as it expressed on its face the intention of only releasing Olney, and operated only as a covenant not to sue him, and worked no injury to his co-defendants in judgment, since it had the effect of reducing the total amount thereof, and did not prevent contribution by Olney as to the remainder. The case of *Pettigrew Machine Co.* v. *Harmon,* 45 Ark. 291, is in point, and controls this question in the case.

Decree is affirmed.