CHEROKEE CONSTRUCTION COMPANY *v.* PRAIRIE CREEK COAL MINING COMPANY.

Opinion delivered February 26, 1912.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING.—Where parties to a dispute agreed to a complete settlement of all their differences and entered into a written contract to that effect, it was not admissible to prove by parol evidence that only a part of their differences was included therein.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

The plaintiff, Cherokee Construction Company, brought this suit against the Prairie Creek Coal Mining Company to recover $781.34, with interest, on account of taxes and insurance alleged to be due to plaintiff by the defendant. There is no controversy between plaintiff and defendant as to the amount of taxes and insurance, but it is the contention of the defendant that it does not owe this to the plaintiff.

On the 19th day of December, 1906, the plaintiff and defendant entered into a contract whereby the defendant leased a coal mine from the plaintiff and agreed to pay certain royalties as rent, and to pay the taxes and insurance on the property. It was the custom of the plaintiff to pay the taxes and insurance and for the defendant to reimburse it. On April 14, 1908,

plaintiff instituted suit in the Federal court to cancel the lease and to have the defendant account to it for unpaid royalties and for certain personal property which plaintiff alleged had been appropriated by the defendant. The grounds upon which the plaintiff sued to cancel the lease was fraud practiced by the defendant in obtaining the lease, and that the defendant had failed to make payments of royalties due, as provided by the lease. Plaintiff prayed that a decree be entered directing the defendant to surrender the lease contract, and for its cancellation, and that an accounting be had of all coal mined by the defendant and for the royalty due.

In June, 1909, the parties met in the city of Philadephia, the home office of the plaintiff company, and there settled their differences. A new lease contract in regard to the coal mined was entered into between the parties, and this contract differed from the first one in the amount of royalty to be paid the plaintiff, and also in certain other minor respects. On the same day the parties also entered into the following agreement:

"This agreement entered into this 26th day of June, A. D. 1909, by and between the Cherokee Construction Company, party of the first part, and the Prairie Creek Coal Mining Company, party of the second part, witnesseth:

"That whereas, the party of the second part has a lease from the party of the first part covering certain coal properties in Sebastian County, Arkansas, dated December 19, 1906.

"And whereas the parties have entered into a new lease covering said property for a period of thirty (30) years from July 1, 1909.

"And whereas the party of the first part has a suit in equity in the United States Circuit Court for the Western District of Arkansas against the party of the second part covering said lease of December 19. 1906.

"And whereas the party of the second part has various claims against the party of the first part for car shortage and other matters.

"And whereas it is desired by the parties hereto to settle all matters and differences between said parties including damages for car shortage, strike allowance and unpaid royalties.

"Now, therefore, in consideration of the premises, the party of the second part agrees, on the execution and delivery of the said new lease, to pay the party of the first part the sum of four thousand three hundred and seventy-five dollars ($4,375) in full settlement for all royalties due by the party of the second part to the party of the first part under said lease of December 19, 1906, and in full settlement of all matters and differences between said parties and upon the payment of said money the party of the first part agrees to dismiss the said suit.

"Witness the hands and corporate seals of the parties hereto in duplicate each and original, the day and year first above written."

After the suit in the Federal court was filed the plaintiff paid the taxes and insurance for which this suit was brought.

Plaintiff introduced testimony to the effect that at the time the suit in the Federal court was compromised, and the matters and differences between the parties adjusted, and the new lease contract executed, nothing was said about the taxes and insurance so paid by the plaintiff, and that it was not intended that they should be embraced in the settlement. The case was submitted to the court sitting as a jury and judgment rendered for the defendant. Plaintiff has appealed.

*Ira D. Oglesby*, for appellant.

The court erred in its findings and declarations of law, and in refusing to give the findings requested by appellant. There was no final settlement, and did not cover the present cause of action.

*Read & McDonough*, for appellee.

The instrument was in full settlement of all prior matters and differences. 6 L. R. A. 503; 59 Atl. 77; 9 Cyc. 595; 3 Page on Contracts, § § 1339-40.

HART, J., (after stating the facts). The instrument or lease copied in the statment of facts is general and comprehensive, and expressly purports to be in full settlement of all matters and differences between the parties. It was broad enough to cover the present cause of action. The parties, in order to avoid the evils of litigation, made a compromise and settlement of all matters and differences between them. The

lease or instrument in question was something more than a mere receipt. It was the final embodiment in writing of the agreement between the parties. It is a comprehensive discharge, not only of the differences between the parties, but of all matters between them. The natural meaning of the language used is broad enough to cover everything connected with the first lease. To permit the plaintiff to show by parol proof that it was not so intended would be to contradict or explain away the instrument, which is contrary to the established rule of law as established by the previous decisions of this court. *Cache Valley Lbr. Co.* v. *Culver Lbr. Co.*, 93 Ark. 383; *Cleveland-McLeod Lbr. Co.* v. *McLeod*, 96 Ark. 405; *Kahn* v. *Metz*, 88 Ark. 383.

The judgment will be affirmed.