COLEMAN *v.* GULF REFINING COMPANY OF LOUISIANA,

Opinion delivered December 20, 1926.

1. TORTS—CONCURRENT NEGLIGENCE—RECOVERY.—Where o n e i s injured by the concurring negligence of two or more persons, he may sue them all jointly, or he may sue any one alone,. but he can have only one satisfaction for his injury.

2. RELEASE—CONCURRENT NEGLIGENCE.—Where the concurrent negligence of two persons was responsible for an injury to a third person, a settlement by the latter of an .action for such injury will bar an action against the other, although the defendants in the respective actions were not joint tort-feasors.

3. RELEASE—FRAUD AS DEFENSE.—Where one, injured in a collision between his employer's truck and a train, signed a release of his injuries in an action against the railroad, and there is no contention that any. fraud was practiced on him by the railroad company in securing the release, he will not be heard to say, in an action against his employer,·that there was a mental reservation on his part that the release should not have the effect which the law imputes to it.

Appeal from Union Circuit Court; *W. A. Spear,* Judge; affirmed.

*Jeff Davis,* for appellant.

*Patterson & Rector,* for appellee.

SMITH, J.   Appellant alleged and offered testimony tending to show that, on October 26, 1923, while immediately engaged in the discharge of his duties as an employee of the Gulf Refining Company of Louisiana, hereinafter referred to as the company, he was being driven in an automobile belonging to the company by another employee of the company, who negligently drove the automobile across the tracks of the Missouri Pacific Railroad in front of an approaching train, which struck the automobile and very seriously injured appellant. He brought this suit to recover damages to compensate, in part, this injury.

In its answer the company denied liability, and, by way of affirmative defense, alleged that appellant had first sued the railroad company, and had settled that suit by accepting $1,500 from the railroad company, and, as an evidence thereof, had executed the following release:

"In full release, discharge and satisfaction for all damages and personal injuries (including both known and unknown injuries and future developments thereof), growing out of or in any way resulting from the following described accident, to-wit:  Account of automobile being struck at Norphlet, Arkansas, October 26, 1923, in which P. M. Coleman was riding, while a traveler, by passenger train 824, engine 2315.

"It is also hereby stipulated and agreed by the plaintiff, P. M. Coleman, and his attorneys, Patterson & Rector, that the above entitled case now pending in the Union County Circuit Court, Arkansas, be dismissed with prejudice on the payment of costs by the defendant, the Missouri Pacific Railway Company.  The within settlement also includes every claim of every class or character, past, present and future, arising from or growing out of the above mentioned accident; consideration $1,500.

"Received of Missouri Pacific Railroad Company one thousand five hundred no-100 dollars in full payment for the above account, and in full release, discharge and satisfaction as written and [or printed above], which release I have read (or had read to me), the terms of which I understand and to which I agree.

"In testimony whereof I have hereunto set my hand this 22d day of July, 1924.".

After appellant's injury he was confined in a hospital for some weeks, and his bill there, including the services of the surgeons who attended him, amounted to over a thousand dollars.  This bill was paid by the company.

Appellant testified that one King, who was the claim agent of the company, advised him to consult the law firm of Patterson & Rector in regard to bringing suit against the railroad company, and, upon the advice of King, he retained these attorneys to represent him.

At that time Patterson & Rector were the regularly retained attorneys of the Gulf Company, a fact then unknown to appellant.  A written contract of employ-

ment was executed between appellant and his attorneys, and inserted therein was the following clause:

"We further authorize you to pay to the Gulf Refining Company of Louisiana, out of any funds recovered from the above named defendant, an amount, sufficient to reimburse said Gulf Refining Company of Louisiana, for doctors', hospital and dentists' bills and other expenses incurred by us as a result of said injuries and paid by the said Gulf Refining Company of Louisiana."

Appellant testified that he did not authorize this to be done, but, as he had been advised by his attorneys that the Gulf company was not liable to him for his hospital bill, he made no objection to this clause, and signed the contract with knowledge that it had been inserted in his contract with the attorneys. It appears that, after receiving the sum of $1,500 from the railroad company, and after paying his attorneys the fee agreed upon, the claim of the company against appellant for hospital fees was settled for the sum of $575, which was paid the company out of the proceeds of the settlement with the railroad.

Appellant detailed, as a witness in the trial below, the manner in which he was injured, and it is not questioned that his testimony made a case for the jury as to the liability of the Gulf company, except for the release to the railroad company. He further testified that he had been led to believe by his attorneys that the defendant Gulf company was not responsible for his hospital fees, and the attorneys did not at any time tell him that he had a cause of action against that company.

Pursuant to their contract, the attorneys representing appellant brought suit against the railroad company, and this suit was later compromised by the payment of the sum of $1,500. Appellant admitted signing the release set out above, and also admitted that, when it was executed, he had learned that his attorneys were also the attorneys for the Gulf company. He admitted that he knew the purpose and effect of the release executed to the

railroad company was to acquit the railroad company of any further liability to him on account of his injury, but he offered to testify that, in executing this release, it was not his intention or purpose to extinguish his claim against the Gulf company, as he did not feel that the sum paid him by the railroad company fully compensated him for his injury. An objection to his testimony was sustained, and this ruling is assigned as error.

Appellant admits that, if the railroad company and the Gulf company had been joint tort-feasors in injuring him, the release would bar this action; but he insists that, as there was no purpose on the part of either to injure him, their liability to him is several, and not joint, although he had the right to sue them together, and that the court should therefore have permitted him to show that he had not received full and complete compensation for his injury and he should have been allowed to proceed with his action against the Gulf company to obtain full and adequate redress.

It was the view of the court below that the release barred the present action, and, upon that theory, a verdict was directed in favor of the Gulf company at the conclusion of the introduction of the testimony in appellant's behalf.

We concur in the view of the court below. Where one is injured by the concurring negligence of two or more persons, he may sue them all jointly, or he may sue any one alone, but he can have only one satisfaction for his injury.

In the case of *Spears & Purifoy* v. *McKinnon*, 168 Ark. 357, the plaintiff was injured through the joint negligence of two surgeons, and he recovered a judgment for damages. The verdict in the case was for the total sum of $7,000, but it was recited in this verdict that one-half thereof, or $3,500, should be recovered against each of the defendants. In modifying the judgment pronounced thereon so that the total sum recovered should be limited to $3,500, we said that the defendants were joint tort-feasors and liable as such, if at all, but, as there was only

one tort and one damage, there could be only one recovery, and, as the jury had fixed the liability of each tort-feasor at $3,500, there could be no greater recovery against either of them, or both of them, than that sum. The theory of the case was that one could have only a single compensation for his injury.

In the case of *St. Louis Southwestern Ry. Co. and St. Louis, Iron Mountain & Southern Ry. Co.* v. *Kendall,* 114 Ark. 224, the plaintiff was injured through the concurring negligence of the employees of both railroads, and both were sued in a single action. It was there said: "Both of the railroad companies were negligent, and, but for the negligence of each, the collision would not have occurred, and the concurring negligence of both produced the injury for which both are liable. Cyc. lays down the following general rule: '* * * Where an injury is sustained by reason of the joint or concurrent negligence of two railroad companies, * * * plaintiff may sue both jointly, and it is not necessary that there should be a breach of a joint duty or any concerted action on the part of the defendants, but it is sufficient if their several acts of negligence concur and unite in producing the injury complained of; nor is it material that one of the defendants owed the plaintiff a higher degree of care than the other.' 33 Cyc. 726.''

Appellant's argument is that the Gulf company and the railroad company were not joint tort-feasors, for the reason that they were not acting pursuant to a common wrongful purpose, but that, on the contrary, neither intended to injure him, and he would not have been injured but for the concurring negligence of the two companies. The driver of the automobile in which appellant was riding negligently drove upon the track of the railroad, and the employees of the railroad in charge of the engine failed to maintain a lookout. Appellant insists therefore that, not having obtained a full satisfaction from the railroad company, he may require the Gulf company to complete his compensation.

The fallacy of this argument is that appellant received only one injury, and is entitled to but one compensation. He might have obtained this by suing either or both of the tort-feasors, but, when he accepts what is intended as full satisfaction of the liability of one, the other is released, the applicable legal principle being that one is entitled to only a single satisfaction.

In 38 Cyc., pages 490 and 491, chapter "Torts," upon the subject of "Electing the Wrongdoer" (to sue), under the subhead of "Joint and Several Liability," it is said: "Separate actions may be brought either simultaneously or successively, judgment may be recovered in each, and plaintiff may elect which judgment he will enforce. But the satisfaction of one of the judgments will operate as a satisfaction of all."

In the case of *State of Maryland, to the use of Cox, v. Maryland Electric Railway Co.,* 126 Md. 300, 95 A. 43, L. R. A. 1917A, page 270, a syllabus reads as follows: "A settlement of an action against one person for an injury causing death will bar an action against another for the same death, although the defendants in the respective actions were not joint tort-feasors."

To this case there is an extensive annotator's note on the "release of one of two or more persons severally, but not jointly, liable for a tort, as affecting liability of others," and upon this subject the annotator says: "The majority of the cases warrants the following conclusion: A release to one liable with another or others for the same injury releases the other or others where each of the tort-feasors is liable for the entire damages suffered by the injured party; it is immaterial whether they are jointly liable. But, where a person liable with others for an injury is liable only for the part contributed by him, a release to him does not release the others. The distinction is between a divisible and an indivisible cause of action. In the latter case, *i. e.,* where a person liable with others for an injury is liable only for the part contributed by him, it may be shown, as a matter of fact, that the release to the first of the tort-feasors was given

upon a consideration which was intended to compensate the injured party for the entire injury; upon such a showing the release does operate as a release of the others, since the injured party has been compensated for the entire injury, and it is the theory of the law to allow only one recovery for the same injury.''

In the case of *McCoy* v. *L. & N. R. Co.* 146 Ala. 333, 40 So. 160, the plaintiff's intestate was killed in a collision between a railroad locomotive and a streetcar. Plaintiff sued the streetcar company and recovered judgment for $1,500, which was paid, and she thereafter brought suit against the railroad company. In holding that the satisfaction of the judgment against the streetcar company was a bar to the suit against the railroad company, the Supreme Court of Alabama said: ''Reading the complaint and the plea together, it clearly appears that, whether there was the ligament of common purpose binding the acts of the two companies together or not, their acts of negligence united in causing the single injury to the plaintiff. A rational rule deduced from the authorities *supra* would seem to be that, 'where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury. It is also manifest that this single injury, in itself or of itself indivisible, constitutes an indivisible cause of action. This is true, notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment, without satisfaction, could not be set up in defense of either tort-feasor. So, in the case at bar, two companies were tort-feasors, and, whether jointly liable or not, the plaintiff had a cause of action against them separately; but she had only one cause of action, and it was an indivisible one. Upon this cause of action she could have maintained a suit against each of the tort-feasors simultaneously, and the

mere pendency of suit, or judgment against one without satisfaction, would have been no answer to the other. But, when she successfully prosecuted her single cause of action against one of the tort-feasors and received satisfaction in full of the judgment, that was satisfaction for the entire injury for the single cause of action, and, after satisfaction, although it moved from only one of the tort-feasors, no foundation remained for a suit against any one. Her cause of action was extinguished. Furthermore, the presumption would be that, in the suit in which the judgment was obtained and satisfaction accepted, full damages were accorded."

It was there further said: "In the case of *Cleveland* v. *City of Bangor,* 87 Me. 259, 32 Atl. 892, 47 Am. St. Rep. 326, with respect of satisfaction by a tort-feasor not jointly liable with another, it was said: 'But, with regard to the point under consideration, no sound reason has been given, and it is believed none can be assigned, for such a distinction between the case of wrongdoers who are jointly and severally liable and of those who are only severally liable for the same injury. In either case the sufferer is entitled to but one compensation for the same injury, and full satisfaction from one will operate as a discharge of the other.' *Brown* v. *Cambridge,* 3 Allen 474; *Abb* v. *N. P. R. Co.* (Wash.) 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Re. 864. In *Lovejoy* v. *Murray,* 3 Wall. (U. S.) 1, 18 L. ed. 129, Justice Miller, for the court, said: 'But, when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages.' "

We have quoted extensively from this case because the reasoning thereof is directly applicable here.

Upon the question that the court should have admitted testimony tending to show that the release had been obtained by fraud, in that appellant had not been advised by his attorneys, who were also the attorneys for the Gulf company, that he had a cause of action

against the Gulf company, and had not been advised by them that a settlement in favor of one would release the other, and that he did not intend the release to the railroad company to operate to release the Gulf company, it suffices to say that, if this testimony were competent, it would profit appellant nothing. This is true because he does not question the binding effect of the release so far as the railroad company was concerned. He knew, when he executed this release, that his attorneys also represented the Gulf company. He knew this release was executed for the purpose of discharging the railroad company from any and all liability to him, and that such was its effect. There is no contention that this writing was in the nature of a covenant not to sue, which we have held does not amount to a release. *Hadley* v. *Bryan,* 70 Ark. 197, 66 S. W. 921; *Pettigrew Machine Co.* v. *Harmon,* 45 Ark. 290; *Dardanelle & R. R. R. Co.* v. *Brigham,* 98 Ark. 169, 135 S. W. 869; *Texarkana Telephone Co.* v. *Pemberton,* 86 Ark. 329, 111 S. W. 257.

Appellant had sued the railroad company, and, in this action, he had the right to demand full satisfaction for his injury. He accepted a sum which, he admits, was paid him in full satisfaction of his demand against the railroad company, and this demand is the identical one which he here seeks to enforce. There is no contention that any fraud was practiced upon him by the railroad company, and he will not therefore be heard to say that there was a mental reservation on his part that the release should not have the effect which the law imputes to it. *Kansas City Sou. Ry. Co.* v. *Armstrong,* 115 Ark. 123, 171 S. W. 123.

It follows therefore that the court was correct in holding that the release to the railroad company barred this suit and in directing a verdict in appellee's favor upon that theory, and that judgment will therefore be affirmed.