MAGNOLIA PETROLEUM COMPANY *v.* McFALL.

Opinion delivered December 10, 1928.

*Cockrill & Armistead,* for appellant.

*Peyton D. Moncrief, A. G. Meehan* and *John W. Moncrief,* for appellee.

HART, C. J., (after stating the facts). The circuit court erred in not directing a verdict for the defendant as requested by it.

In a case-note to L. R. A., at page 1060, it is said in the case of joint tort-feasors the essential unity of the injury and the fact that the injured party is entitled to but one compensation therefor make it impossible for the injured person to settle with one tort-feasor without discharging the other. Therefore it is held that a release of one tort-feasor releases all, for the reason that the cause of action is satisfied, and no longer exists. Numerous State and Federal decisions are cited, and among them the following: *Montgomery* v. *Erwin,* 24 Ark. 540; *Jones* v. *Chism,* 73 Ark. 14, 83 S. W. 315.

In the later case of *Coleman* v. *Gulf Refining Company of Louisiana,* 172 Ark. 428, 289 S. W. 2, it was held that, where the concurrent negligence of two persons was responsible for an injury to a third person, a settlement by the latter of an action for such injury with one of them will bar an action against the other, although the defendants in the respective actions were not joint tort-feasors. That this holding is in accord with the general

rule on the subject will be seen by reference to the case-note in 50 A. L. R., at page 1099.

It is sought by counsel for the plaintiff to uphold the judgment on the ground that the execution of the release was procured by fraud. There are two reasons why this view cannot be accepted. In the first place, the railway company is not made a party to this action, and no attempt has been made by the plaintiff to rescind the contract for a release of damages which he executed in favor of that company. In the second place, the evidence fails to establish any fraud on the part of the railway company whereby the plaintiff was induced to sign the release of damages. The plaintiff was thirty-nine years old, and had been employed by the railway company for eighteen years. He was not an illiterate person, and gave no reason why he did not read over the contract for the release of damages, except that the agent told him that it was only payment for his expenses and loss of time. He was not induced to sign the release without reading it by false representations on the part of the claim agent of the railway company, as was the case in *St. Louis, Iron Mountain & Southern Railway Company* v. *Reilly,* 110 Ark. 182, 161 S. W. 1052, and in *St. Louis, Iron Mountain & Southern Railway Company* v. *Morgan,* 115 Ark. 529, 171 S. W. 1187. Plaintiff does state that the claim agent of the railway company told him that signing the release contract in favor of the railway company would not prevent him from suing the defendant in this action. This was merely an expression of opinion on the part of the claim agent, and was not made as a matter of inducement to the plaintiff to sign the release contract. A mistake of law, in the absence of fraud or undue influence, does not afford ground for the abrogation or reformation of a contract. *Security Life Ins. Co.* v. *Leeper,* 171 Ark. 77, 284 S. W. 12.

It follows that the court erred in not directing a verdict for the defendant, as requested by it, and for that error the judgment must be reversed; and, inasmuch as the cause of action seems to be fully developed, it will be dismissed here.