## MAHAFFEY *v.* GLOVER.

Opinion delivered January 25, 1932.

*Raymond Jones* and *W. C. Rodgers,* for appellant.
*Floyd Terral,* for appellee.

SMITH, J. Appellant, for her cause of action, alleged that an automobile owned by W. G. Glover and driven by his son, W. H. Glover, in which she was riding as an invited guest, was negligently driven into and against a truck owned by B. H. Sullivan, which was being driven by his son, Harold, and that, as a result of this collision, she sustained serious injuries. She brought this suit against the Glovers, and has alleged that the collision, and her consequent injury, was occasioned by the negligence of the driver of the car in which she was riding, and she prayed judgment for damages to compensate her injury. The complaint and the amendments subsequently filed thereto recite the particulars in which young Glover was negligent, and allege that this negligence was the sole cause of her injury.

In response to a motion filed by the Glovers, a certain writing was produced and offered in evidence, in which it was recited that, for and in consideration of the sum of $317.50, paid her by B. H. Sullivan for himself and for his son, Harold, the plaintiff had released them from any and all claims or demands for damages on account of the collision in which she had been injured. This instrument contained the following recital: "It is further understood and agreed that the acceptance of the aforesaid $317.50 by said O. E. Mahaffey (the father of the plaintiff) and Miss Mattie Mehaffey will not, in any way, operate as an accord and satisfaction of any claim which they, or either of them, may have or claim against W. H. Glover, the operator of the automobile in which Miss Mahaffey was riding at the time of the collision." Upon this writing being produced and offered in evidence, the defendants, Glover, father and son, moved to dismiss the cause of action upon the ground that the writing operated as a release to them also of any liability. In response to this motion, plaintiff offered testimony to the effect that the money received by herself and her father from Sullivan was voluntarily advanced, and was to be repaid if they became able to do so; that she did not at any time assert, and does not now allege,

that Sullivan was responsible for or had contributed to her injury, but that, on the contrary, the parties made defendants to this suit were solely responsible therefor.

The trial court was of the opinion that this testimony varied the legal effect of the writing, which he construed to be a release, and therefore declined to consider it. The motion to dismiss the cause of action was sustained upon the ground that it had been compromised and settled, and this appeal is from that judgment.

It may be first said that the question of the legal effect of the writing referred to as a release was not raised by the parties in whose favor it was executed. They are not parties to this suit. The plaintiff has alleged as her cause of action an injury occasioned solely by the negligence of the parties whom she had made defendants, and has also alleged that their negligence was the sole cause of her injury. She does not question that the paper writing would bar a suit against the Sullivans, if, indeed, she had had such a cause of action against them. She offered only to show that she had no cause of action against them nor any intention to sue upon any such supposed cause of action against them, and that the writing as against the Sullivans was nothing more than a covenant not to sue them.

We think the testimony was competent for this purpose. It was not offered to defeat the writing as a contract, and its binding effect between the parties thereto is not questioned. The rule that parol testimony may not be offered to vary the effect of a valid and sufficient written contract does not therefore apply and operate to exclude this testimony.

We are also of the opinion that the writing called a release is not such in fact, but is in legal effect a covenant not to sue the Sullivans.

In the recent case of *Magnolia Petroleum Co.* v. *Mc-Fall*, 178 Ark. 596, 12 S. W. (2d) 15, it was said that, "in the case of joint tort-feasors, the essential unity of the injury, and the fact that the injured party is entitled to but one compensation therefor, make it impossible for

the injured person to settle with one tort-feasor without discharging the other. Therefore it is held that a release of one tort-feasor releases all, for the reason that the cause of action is satisfied, and no longer exists.''

In addition to a number of our own cases on the subject, we there cited the case of *Young* v. *Anderson,* 33 Idaho 522, 196 Pac. 193, which is annotated in 50 A. L. R. 1056. The annotation to this case is extensive and exhaustive.

It is stated in the annotator's note that, ''by the great weight of authority, a covenant not to sue one joint tort-feasor is held not to amount to a release, and therefore such an agreement is held not to discharge the other tort-feasor.'' And among the numerous cases cited as sustaining what is said to be the majority rule as there announced are our own cases of *Dardanelle & R. Rd. Co.* v. *Brigham,* 98 Ark. 169, 135 S. W. 869, and *Texarkana Telephone Co.* v. *Pemberton,* 86 Ark. 329, 111 S. W. 257. These cases and other cases by this court therein cited sustain this rule.

One of the leading cases on this subject, and one which has been frequently cited, is that of *Carey* v. *Bilby,* 129 Fed. 203, 63 C. C. A. 361. This case recognizes the well-established rule, in an opinion by Circuit Judge Thayer, that the release of a cause of action as against one of two or more joint tort-feasors is a release of all, and that the rule is based upon the theory that, when one has received full compensation for a wrong, no matter from which wrongdoer or from what source, the law will not permit him to recover further damages.

After thus stating the general rule in regard to releases, the court proceeded to say: ''Sometimes, however, as in the case in hand, a release executed in favor of one wrongdoer is accompanied with the reservation of the right to sue others who were jointly concerned in the wrong, and in such cases the question has frequently arisen, how shall such an instrument be interpreted? Shall the reservation of the right to sue others be ignored, and the instrument treated as raising a conclusive

presumption that full compensation for the wrong has been made, as though it were a technical release under seal, or shall the reservation of the right to sue others be taken to mean that full compensation has not been received by the injured party, and that he merely intended to agree with the released party not to pursue him further, but without releasing his cause of action against the other wrongdoers, or admitting that he has received full compensation for the injury? With reference to this question, the authorities are not in accord. Some courts are disposed to hold, and have held, that, when such an instrument contains apt words releasing one of the joint wrongdoers, it operates to release all, and that any clause inserted therein reserving a right to sue others after one has been released is repugnant to the release, in that it defeats, or attempts to defeat, the natural legal effect of the instrument; and that it should therefore be ignored. (Citing authorities.) Other courts hold, however, that such an instrument should be given effect according to the obvious intent of the person executing it, and that it should not be treated as a technical release operating to destroy his cause of action as against all of the joint tort-feasors, but rather as a covenant not to sue the party in whose favor the instrument runs. (Citing authorities.) We are of the opinion that the doctrine enunciated in the cases last cited is supported by the greater weight of authority, and is founded upon the better reasons. It has the merit of giving effect to the intention of the party who executes such an instrument, which should always be done when the intention is manifest and it can be given effect without violating any rule of law, morals, or public policy. Besides, we are not aware of any sufficient reasons which should preclude a person who has sustained an injury through the wrongful act of several persons from agreeing with one of the wrongdoers, who desires to avoid litigation, to accept such sum by way of partial compensation for the injury as he may be willing to pay, and to discharge him from further liability without releasing his cause of action

as against the other wrongdoers. The law favors compromises generally, and it is not perceived that an arrangement of the kind last mentioned should be regarded with disfavor. The release which was read in evidence in the case at bar plainly shows that the sum paid by Hysham was not accepted by the plaintiffs as full compensation for the injury which they had sustained; that it was not in fact full compensation for the injury; and that they had no intention of releasing their cause of action as against Carey. Why, then, should it be given an effect contrary to the intent of the one who executed it? We perceive no adequate reason for giving it such effect, and accordingly agree with the lower court that it did not release Carey.''

This court has, in its opinions above referred to, approved the distinction stated by Judge Thayer between a release and a mere covenant not to sue one or more tort-feasors, and it is unnecessary therefore to further review the authorities.

The case of *Coleman* v. *Gulf Refining Co.*, 172 Ark. 428, 289 S. W. 2, is cited as sustaining the contrary view. But such is not its effect. In that case the plaintiff was injured through the concurring negligence of the servants of a railroad company and of another corporation, and, in a release executed by the plaintiff to the railroad company, it was recited that ''the within settlement also includes every claim of every class or character, past, present and future, arising from or growing out of the above-mentioned accident; consideration $1,500,'' and no reservation was made of the right to sue the other tort-feasor, as was done in the instant case. We therefore held in the Coleman case, *supra,* that the writing was a release, and not a covenant not to sue the railroad company.

We conclude therefore that the trial court was in error in dismissing appellant's complaint, and that judgment will be reversed, and the cause will be remanded.