ALTMAN-RODGERS COMPANY v. SMITH.

Opinion delivered February 8, 1932.

*Buzbee, Pugh & Harrison,* for appellant.

*Tom W. Campbell,* for appellee.

HUMPHREYS, J. Appellee brought suit against the Southwestern Bell Telephone Company, appellant, and others to recover damages in the sum of $30,000 for an injury received by him from a telephone wire stretched across State Highway No. 67 near Beebe, which struck and threw him from a load of hay on which he was riding. It was alleged that appellants and the other defendants had moved the wire, and in replacing it had negligently lowered its position, thereby causing the injury.

A separate answer was filed by appellant and two other defendants, denying the material allegations of the complaint, and later appellant filed an amendment to its answer, pleading in bar of the cause of action against it that a settlement and compromise of the cause of action had been made by appellee with one of its codefendants, Southwestern Bell Telephone Company.

No pleadings were filed by the other defendants, and the cause was tried to the jury, resulting in a verdict and judgment against appellant for $8,000, from which is this appeal.

Appellant's sole contention for a reversal of the judgment is, that under the evidence it was entitled either

to an instructed verdict in its favor or else to have the issue of whether there was a settlement of the cause with appellant's codefendant submitted to the jury.

It requested a peremptory instruction, and, when refused, it requested the court to give instruction No. 9, also refused, which is as follows:

"You are instructed that if you find from the evidence in this case that the plaintiff entered into an agreement of settlement with the defendant, Southwestern Bell Telephone Company, that bars his action against the defendant, Altman-Rodgers Company, and your verdict must be for that company."

Both requests were based upon the following eleven questions propounded to appellee, and his answers thereto:

"Q. Mr. Smith, when this suit was filed, you included as one of the defendants here the Southwestern Bell Telephone Company, or the Bell Telephone Company, and that suit, I understand, has been dismissed?" "A. Well, I don't know anything about that." "Q. I will ask you, have you made a settlement with the telephone company?" "A. I haven't." "Q. Do you know whether Mr. Campbell, your attorney, has?" "A. I don't know." "Q. Hasn't he informed you that he made a settlement with the telephone company?" "A. He never said anything to me about it." "Q. You don't know why suit has been dismissed as to them?" "A. Mr. Campbell knows that; I don't know." "Q. Did you hear him make a statement here to counsel for the defendant this morning that he had dismissed as to them?" "A. No, sir." "Q. Didn't you sign an agreement with the Southwestern Bell Telephone Company not to sue in consideration of them paying you $500?" "A. I signed a receipt or something that Mr. Campbell wrote out there." "Q. Didn't you understand the consideration for you signing that was five hundred dollars?" "A. I didn't see no five hundred dollars." "Q. You didn't see the five hundred dollars?" "A. I signed a receipt or something; I didn't read nothing, and he didn't tell me nothing. He give me his personal check

for $250." "Q. He retained half of it as his fee; you had an understanding to that effect?" "A. We never said nothing about that." "Q. You signed a paper agreeing not to sue the telephone company any further?" "A. I couldn't say what it was."

Appellant argues that the application of the rule of law announced by this court in the case of *Coleman* v. *Refining Company of Louisiana,* 172 Ark. 428, 289 S. W. 2, to the facts detailed above entitles it to a reversal of the judgment and a dismissal of the cause of action against it. The rule of law referred to is as follows:

"Where the concurrent negligence of two persons was responsible for an injury to a third person, a settlement by the latter of an action for such injury will bar an action against the other, although the defendants in the respective actions were not joint tort-feasors."

The rule invoked is not applicable because the evidence relied upon does not show a settlement of the cause of action between appellee and the Southwestern Bell Telephone Company. The most it shows, and the most the jury could have found it shows, is that appellee agreed for a consideration not to sue the Southwestern Bell Telephone Company.

This court is committed to the doctrine that a covenant not to sue one of two joint tort-feasors does not operate as a release of the other from liability. *Texarkana Telephone Company* v. *Pemberton,* 86 Ark. 329, 111 S. W. 257; *Dardanelle & Russellville Railway Company* v. *Brigham,* 98 Ark. 169, 98 S. W. 969; *Mahaffey* v. *Glover,* 184 Ark. 1159, 45 S. W. 521.

No error appearing, the judgment is affirmed.