MISSOURI PACIFIC RAILROAD CO., GUY A. THOMPSON, TRUSTEE *v.* HUNT.

4-4425

Opinion delivered November 16, 1936.

*R. E. Wiley* and *Richard M. Ryan,* for appellants.
*Gordon E. Young,* for appellee.

McHANEY, J.  Appellee's intestate and one H. H. Marshall were struck and instantly killed by one of appellant's trains at what is called the brickyard crossing in the city of Malvern, on January 12, 1934.  She brought this action to recover damages for the death of her husband, and alleged negligence of the trainmen in failing to keep a proper lookout, while passing through the city at an excessive rate of speed, and in failing to give the statutory signals at said crossing.  In addition to a general denial of the allegations of the complaint, appellant answered and alleged that said intestate's death was caused by his own negligence and that of said Marshall.  Trial to a jury resulted in a verdict and judgment for appellee in the sum of $1,750.

For a reversal of the judgment, appellant first says the verdict is not supported by any substantial evidence. The facts leading up to the accident are that said intestate was a mechanic in Mr. Marshall's garage in Malvern; that at Marshall's request he got in a car which

had been left in the garage for repair to try to discover the location of the motor trouble while Marshall drove it. Intestate was intently listening to the motor to determine its trouble as Marshall drove the car onto the crossing at about fifteen miles per hour in the path of the onrushing train, traveling at from fifty to sixty miles per hour and both were instantly killed. Two witnesses for appellee testified that the statutory crossing signals were not given for that crossing. A number of other witnesses, both trainmen and non-trainmen, testified for appellant that the signals were given, and that the automatic bell at the crossing was ringing. One of the witnesses for appellee said he was walking along the track about 25 feet from the train as it passed him and that the signals were not given or at least he did not hear them, until just before the collision when there were two short blasts of the whistle, and that he did not hear the locomotive bell or the crossing bell. This makes a disputed question of fact for the determination of the jury which we are not permitted to disregard.

Another assignment of error relates to the settlement between appellee and the estate of H. H. Marshall. For a substantial consideration, appellee entered into a covenant not to sue the Marshall estate, and it is contended that, because thereof, appellee is barred from maintaining this action, under the rule stated in *Magnolia Petroleum Co.* v. *McFall,* 178 Ark. 596, 12 S. W. (2d) 15, that "in the case of joint tort-feasors, the essential unity of the injury, and the fact that the injured party is entitled to but one compensation therefor, make it impossible for the injured person to settle with one tort-feasor without discharging the other." Such is not the rule, however, in a mere covenant not to sue one or more of the tort-feasors, as pointed out and discussed in *Mahaffey* v. *Glover,* 184 Ark. 1159, 45 S. W. (2d) 521, where the authorities are reviewed, and we do not think it necessary to review them again here. Suffice it to say that the court did not err either in holding the action not barred or in the admission or exclusion of testimony regarding the covenant not to sue the Marshall estate. See, also, *Altman-Rogers Co.* v. *Smith,* 185 Ark. 100, 46 S. W. (2d) 4.

A number of other assignments of error are suggested and argued, including the refusal of the court to permit the jury to view the scene of the accident, and the giving and refusal to give certain instructions, all of which we have carefully considered. We do not think the court abused its discretion in not sending the jury to view the crossing. Most of them, no doubt, were perfectly familiar with it as it has been there for many years, and no useful purpose could have been served thereby. The witnesses gave a good description of it, and the jury could easily judge the situation from the testimony. Such matters rest in the sound discretion of the trial court. As to the instructions, the court gave ten at the request of appellee, eight at the request of appellant, and refused five for appellant. After a careful consideration of the instructions, we think no reversible error was committed. It would extend this opinion unduly to discuss them in detail.

We find no error, so the judgment is affirmed.