THE GUS BLASS COMPANY *v.* THARP.

4-4704

Opinion delivered June 21, 1937.

*Isgrig & Robinson,* for appellant.
*Brickhouse & Brickhouse,* for appellee.

HUMPHREYS, J. Appellee sued appellant in the circuit court of Pulaski county, Second division, for damages on account of personal injuries received to his back in falling down an elevator shaft in its department store on Fourth and Main streets, about ten o'clock on the morning of November 10, 1935, Sunday, where he was employed as a porter, in directing him to take one of its salesmen on elevator No. 1 from the first to the seventh floor, through a doorway in the cage which should have been securely locked if the floor of the elevator was not on a level with the first floor of the building; whereas, through its negligence the lock on said door was broken so that he could open the door and step into the open shaft or well in which the elevator proper moved up and down. An answer was filed to the complaint by appellant denying the material allegations therein and interposing the further defenses of contributory negligence, assumption of the risk and a settlement and written release from appellee.

The cause was submitted upon the issues joined, the evidence introduced by the parties and instructions of the court resulting in a verdict and consequent judgment against appellant, in the sum of $500, from which is this appeal.

When the evidence was concluded appellant requested an instructed verdict in its favor which was refused by the court over appellant's objection and exception.

There were two written releases introduced in the evidence, the first being signed by appellee on the ninth day of December, 1935; and the second one being signed by him on the thirteenth day of March, 1936.

The first release was procured by J. F. Morris, store manager of appellant. Appellee attempted to avoid the first release by claiming it was represented to him that it was a receipt for small amounts appellant had paid to him after he was injured up to the time he signed the instrument and that at the time he signed the instrument he was wrongly advised by the physicians appellant had employed to attend him that his injury was slight and that he would soon recover and be able to work again.

The second release was procured by George Mallory and Mr. Texley, one of Mallory's employees. Appellant carried a liability insurance policy with Mallory's insurance company and he was informed by appellant that appellee was not satisfied with the amount he had received on the execution of the first release and was questioning the legality thereof and that it wanted him to investigate and adjust the matter with appellee. Mallory requested Mr. Texley to investigate the case and after having done so he brought the appellee to the office of Mallory where a settlement was reached and the second release signed, witnessed and acknowledged. The second release is as follows:

"Whereas, the Undersigned, on or about the tenth day of November, 1935, sustained injuries about my limbs, body and head by reason of falling down the elevator shaft from the first floor to basement in the store of Gus Blass Company, and

"Whereas, I claimed and alleged that the said fall was caused by negligence of Gus Blass Company, which negligence they specifically denied, but nevertheless offered to pay me the sum of Forty Dollars ($40) and

pay certain medical expense that they had incurred on my behalf, which settlement I accepted and executed a release to said Gus Blass Company on the ninth day of December, 1935; and

"Whereas, at the time that I made said settlement and signed said release, the only doctors that had treated or examined me were doctors furnished by the said Gus Blass Company, and not of my own choice, and I had relied upon their report to me as to the severity and extent of my injuries and my condition at that time, which report I now allege were incorrect, and

"Whereas, since the time that I executed said release I have continued to endure pain and suffering and at times have been disabled and have personally employed and consulted with other doctors of my own choosing and

"Whereas, the said Gus Blass Company while still denying that when I was employed by them I suffered any injuries or disability by reason of any negligence upon their part, but desiring to make a full, complete and final settlement with me of any and all claims that I now have or may hereafter have against them on account of the said accident and injuries, have offered to pay to me the sum of Ninety Dollars ($90) and I have agreed to accept same,

"Now, therefore, I, Earnest Tharp, in consideration of the payment made to me on this date by Gus Blass Company of the sum of Ninety Dollars do hereby release and discharge and by these presents do for myself, my heirs, executors, administrators, or assigns, and by these presents do for myself, my heirs, executors, administrators or assigns, release and forever discharge the said Gus Blass Company and all other persons, firms, or corporations, liable from all claims, demands, damages, actions, or causes of action, on account of injuries resulting or to result from said accident to myself which occurred on or about the 10th day of November, 1935.

"In executing this release I do so solely upon my own knowledge of my injuries, disabilities and suffering and not on account of any statements or representations made to me by said Gus Blass Company or by their agents or representatives.

"In Witness Whereof, I have hereunto set my hand this 13th day of March, 1936.

"(Signed)    Earnest Tharp."

"STATE OF ARKANSAS

"COUNTY OF PULASKI, SS.

"Before me, a Notary Public, within and for the county and State aforesaid appeared Earnest Tharp this 13th day of March, 1936, signed the aforegoing instrument of writing and stated on oath that he had executed the same for the purposes and considerations therein mentioned and set forth.

"(Signed)    W. J. Campbell,

Notary Public.

"My Com. expires 7-7-1938."

Appellee sought to avoid the second release on practically the same grounds that he had the first one. He did not testify, however, that either Mr. Texley or Mr. Mallory made any misrepresentations to him to induce him to sign same. In fact, he testified that Mr. Texley asked him if he was willing to sign the release and he told him that he was, and that Mr. Mallory said nothing to him. He signed the second release about four months after he was injured and after he had employed physicians of his own choosing and after he had advised with them as to the extent of his injury.

The physicians employed by appellant were unable to discover any serious or permanent injury to appellee even with the use of X-ray pictures. They had several X-ray pictures made in an effort to discover his injury, if any, but failed to find that anything of consequence was the matter with him. Some of them as well as several lay witnesses concluded t h a t appellee was malingering.

He admitted that he could write and that he could read, but said he could not read very well. He did not

sign the second release until he had had ample opportunity to ascertain the extent of his injury. He did not sign it under duress of any kind or while under the influence of opiates or through deception as to the extent of his injury. He was in full possession of all his faculties when he signed it. The release was not only witnessed, but was acknowledged by a notary public. A contract of this kind executed as this was cannot be treated as a scrap of paper and ignored by the law. The trial court should have given full force and effect to it by instructing a verdict for appellant under the undisputed facts in the case. The instant case is controlled by declarations of law announced and applied in the cases of *Cherokee Const. Co.* v. *Prairie Creek Coal Mining Co.*, 102 Ark. 428, 144 S. W. 927; *Kansas City Southern Ry. Co.* v. *Armstrong,* 115 Ark. 123, 171 S. W. 123; *Magnolia Petroleum Co.* v. *McFall,* 178 Ark. 596, 12 S. W. (2d) 15; *Texas Company* v. *Williams,* 178 Ark. 1110, 13 S. W. (2d) 309.

The judgment is reversed, and the cause dismissed.