SMITH *v.* MISSOURI PACIFIC TRANSPORTATION COMPANY.

4-5285                                   122 S. W. 2d 176

Opinion delivered December 5, 1938.

H. U. *Williamson* and *Fred M. Pickens,* for appellant.
*Claude M. Erwin, Jr., House, Moses & Holmes, Eugene R. Warren* and *T. J. Gentry, Jr.,* for appellee.

GRIFFIN SMITH, C. J. We determine whether the trial court erred in instructing the jury that a release executed by appellant was binding.

The controversy is referable to injuries sustained by appellant when a bus in which she was a passenger left

the highway while attempting to pass a road grader and came to a stop at a sharp angle. Appellant, 72 years of age, was thrown to the floor and testified that she was rendered unconscious. She was taken to the home of a niece, Mrs. W. A. Greer, near Searcy. Her physician testified she was suffering from injuries to her left arm, left chest, back, and knees; also, that she had a nervous condition, and coughed.

The accident occurred November 21, 1936—Saturday. D. E. White, adjuster for appellee, called on Mrs. Smith that evening, and found her in bed. Mrs. Greer testified that White told appellant he would pay her $25 in settlement of any claim for damages. In response to this offer appellant replied that she did not feel like settling that night; that she did not know what she wanted to do, and preferred to waid. As to White's conduct, Mrs. Greer said: "He just asked me to let him know the next day. He thought probably she would be feeling better by morning and would feel like making a settlement. [On Monday] we wrote him a note—I wrote it. [Appellant] knew I was going to write it. I told her I was fixing to write it, and what she told me to put in the letter, you know."

"Q. Did she tell you what to put in the letter? A. Yes, she told what she agreed to do—[that] she would settle for $30. Mr. White came back Monday and paid her. I signed the release for her—she made her mark."

On cross-examination Mrs. Greer testified that the settlement was made Monday night after dark, and appellant "was not [suffering] as bad as she was Saturday night, but of course she wasn't over it."

Questions asked by the court brought responses from Mrs. Greer confirmatory: that she addressed and mailed the letter to White informing him that appellant was ready to "talk settlement"; that they (witness and appellant) had not discussed the injuries very much "because we didn't know just how it was going to turn out"; that at the time White returned he had not received the letter. Witness thought she knew what the release was, and thought appellant understood it.

It is alleged, and there is testimony, that White told appellant and Mrs. Greer $25 was all he was authorized to pay; that this sum was the maximum allowed by the company for such injuries, and if an increased amount should be paid he would be liable for the difference. This, in substance, is the only charge of fraud upon which appellant relies.

The trial court, after hearing Mrs. Greer, White, and appellant, and other witnesses, instructed that the release was binding. This conclusion was correct. *St. Louis, I. M. & S. Ry Co.* v. *Campbell*, 85 Ark. 592, 109 S. W. 539; *The Gus Blass Company* v. *Tharp*, 194 Ark. 255, 106 S. W. 2d 608; *Crockett* v. *Missouri Pacific Railroad Co.*, 179 Ark. 527, 16 S. W. 2d 989; *Kansas City Southern Railway Co.* v. *Armstrong*, 115 Ark. 123, 171 S. W. 2d 123, and cases there cited.

A case in point from another jurisdiction is *Morris* v. *Seaboard Air Line Railway*, 23 Georgia App. 554, 99 S. E. 133.

In the Morris Case the Georgia court said: ''In the case under review we are unable to see any circumstance to take the release out of the general rule. The release signed by the plaintiff was a binding contract by which he took the chances as to future development of the injuries. No circumstances of undue influence or over-reaching are shown. So far as appears from the petition, he acted freely and voluntarily in making the settlement. The consideration was a valuable and legal one, though small, and the smallness of the consideration cannot by itself furnish ground for cancellation of the release. Under any other rule than that here announced, no one could ever make a settlement and take a release with the assurance that it would not be attacked and set aside on the statement of the person who executed it that when he signed it he was mistaken as to the extent of his injuries as thereafter developed.''

The judgment is affirmed.